PETERSON, Respondent, v. CUSSONS, et al, Appellants.

(258 N. W. 810.)

(File No. 7702.   Opinion filed February 18, 1935.)

*L. H. Woodworth* and *Lewis W. Bicknell,* both of Webster, for Appellants.

*Rex W. Harris,* of Webster, and *B. O. Stordahl,* of Sioux Falls, for Respondent.

POLLEY, J. Gilbert D. Peterson and Laura Alice Peterson, both now deceased, were husband and wife, but do not appear to have had any children. Plaintiff, Arthur L. Peterson, was the son of Sib Peterson, deceased, who was a brother of said Gilbert D. Peterson, and therefore was a nephew of the said Gilbert D. Peterson. The defendant Myrle Cussons claims to be the sole heir at law of said Laura Alice Peterson. Gilbert D. Peterson died testate in the month of July, 1930. By his last will and testament he devised all of his estate to his said wife, Laura Alice Peterson. The Gilbert D. Peterson estate was worth more than $20,000. Therefore, had it not been for the last will and testament of said Gilbert D. Peterson, plaintiff, Arthur L. Peterson, would have been entitled to a distributive share of the estate of said Gilbert D. Peterson. Subdivision 2, § 701, Rev. Code 1919, as amended by chapter 186, Laws 1923.

The said last will and testament of Gilbert D. Peterson was admitted to probate and his entire estate was distributed to and assigned to his said widow, Laura Alice Peterson. Laura Alice Peterson died intestate during the month of January, 1933, leaving surviving her the said Myrle Cussons who is alleged to be the sole heir at law of said decedent.

Plaintiff in his complaint alleges:

"That prior to the death of Gilbert D. Peterson and his wife, Laura Alice Peterson, and on or about the 2nd day of April, 1929, the 5th day of July, 1929, and the 31st day of August, 1929, at Webster, South Dakota, they, and each of them, for a good and valuable consideration made and entered into an oral agreement with this plaintiff by the terms of which agreement the said Gilbert D. Peterson and Laura Alice Peterson promised and agreed that they would so dispose of their property that upon the death of

the survivor of them the plaintiff herein would receive one-half of all the property left by said survivor. That the property left by said survivor is specifically described in Exhibit 'A' annexed to the original complaint, and hereby made a part of this complaint as if incorporated herein in full, and that the aforesaid Laura Alice Peterson, now deceased, became the survivor of said promisors, and failed, refused and neglected to make such disposition of their property that upon her death the said Arthur L. Peterson would become the owner of one-half of the property hereinbefore specifically described.

"That at the time of the execution of the purported will by Gilbert D. Peterson, which said will was admitted and allowed in probate as hereinbefore set forth, the said Gilbert D. Peterson was honestly believed by this plaintiff and others to be of unsound mind and incompetent to execute any will under the laws of the State of South Dakota, and that at the time of the death of said Gilbert D. Peterson, and at the time of the admission of said will to probate, this plaintiff honestly believed that the purported Last Will and Testament of said Gilbert D. Peterson could be successfully contested and set aside and held for naught, and because of the promises of the said Gilbert D. Peterson and Laura Alice Peterson to dispose of one-half of their property in such a manner that it would become the property of this plaintiff upon the death of said survivor, this plaintiff refrained from instituting any contest proceedings of the said Last Will and Testament.

"That prior to the death of Gilbert D. Peterson in the year 1930 this plaintiff had rendered valuable services to the said Gilbert D. Peterson and Laura Alice Peterson in that on divers and numerous occasions this plaintiff would spend from a week to several weeks assisting the said Gilbert D. Peterson with repairs on buildings on his various farms, and assisting him with various and divers business affairs in connection with his properties and farms, and counsel with him and advise him as to business propositions and investments, and in consideration of such services the said Gilbert D. Peterson promised this plaintiff that some day he would be well paid for such services, and that by reason of the rendition of such services by this plaintiff, at the special instance and request of said Gilbert D. Peterson, the estate of said Gilbert D. Peterson became indebted to this plaintiff upon his decease for

services rendered, and because of the promise by Gilbert D. Peterson and Laura Alice Peterson, as hereinbefore set forth, this plaintiff refrained from filing any claim against the estate of said Gilbert D. Peterson for services so rendered."

After the death of Laura Alice Peterson, the defendant J. G. Cussons was appointed administrator of her estate. Plaintiff claims that by reason of the foregoing facts he is the absolute owner of one-half of the said estate and filed his claim with said administrator for his claimed share of said estate. Said claim was denied, and plaintiff brought this action for the recovery of said property. To this complaint, the defendants interposed a demurrer, which said demurrer was based upon the grounds: First, that there is a defect of parties defendant; second, that several causes of action have been improperly united; and, third, that the complaint does not state facts sufficient to constitute a cause of action.

■■ The first two grounds are without merit and will receive no further notice. The demurrer was overruled, and from the order overruling the same, defendants appeal.

The action, in effect, is for the purpose of compelling specific performance of an oral contract for the conveyance of real estate. All courts, both state and federal, and the English courts as well, hold that in certain cases a performance, or part performance of such a contract by the promisee will take the case out of the statute of frauds (Rev. Code 1919, § 856), and specific performance thereof will be enforced the same as though the agreement had been reduced to writing. The question then becomes: Do the facts alleged in the complaint bring the case within the above rule? Plaintiff contends that they do, and in support of such contention cites and relies upon the following decisions by this court: Ewing v. Waddington, 62 S. D. 166, 252 N. W. 28; Gravning v. Olson, 62 S. D. 139, 252 N. W. 13; Hanson v. Fiesler et al, 49 S. D. 442, 207 N. W. 449; Korte et al v. O'Neill et al, 34 S. D. 241, 148 N. W. 12; Lothrop v. Marble, 12 S. D. 511, 81 N. W. 885, 76 Am. St. Rep. 626. But those cases are not sufficiently analogous to the present case to make them decisive, and an analysis of those cases would serve no useful purpose.

Upon demand by the defendants, plaintiff filed a bill of particulars of the services rendered by him for the decedents. This

bill of particulars merely itemizes the services alleged to have been performed and puts a valuation on each item of service claimed to have been performed; and that he incurred certain expenses and paid certain sums of money for traveling back and forth between his home in Sioux Falls and Webster where said decedents resided. Up to the month of April, 1929, nothing had ever been said between plaintiff and Gilbert D. Peterson about paying plaintiff anything for his services to Peterson except that during the month of December, 1928, or January, 1929, Peterson canceled a note he held against plaintiff for $200 he had loaned to plaintiff. Plaintiff says that the cancellation of this note fully compensated him for all services performed in 1929. Until that time, so far as the record shows, plaintiff's services had been performed without expectation of compensation from Peterson. It was not until the 2d day of April, 1929, that anything was said about paying plaintiff for his services. After this latter date, no services were performed except that in July, 1929, plaintiff performed services which he says were worth $75 and incurred expenses amounting to $25; and in 1930, he performed services that he says were worth $40 and incurred expenses amounting to $20.

■ ■ That a court of equity will decree specific performance of oral contracts to convey real property where the claimant has performed the services specified in the contract is too well settled to warrant the citation of authorities in support of the rule; but another rule that is just as well settled is that where the value of the services rendered is susceptible of measurement in dollars and cents, specific performance will not be decreed. Andrews v. Aikens, 44 Idaho, 797, 260 P. 423, 69 A. L. R. 8, and cases cited. See, also, extended annotation, 69 A. L. R. 14 to 219.

In this case no question of companionship, support, filial service, personal attention, or affection is involved. The services rendered by plaintiff were only such as could have been performed by any carpenter or by a real estate agent or attorney at law, the value of which is easily ascertainable in dollars and cents; indeed, plaintiff himself, in his bill of particulars, has put a money value on the services he claims to have performed for either Gilbert D. or Laura Alice Peterson during their respective lives. Under these circumstances, plaintiff has not shown himself entitled to specific performance, and appellants are entitled to a reversal.

The order appealed from is reversed.

WARREN, P. J., and ROBERTS and RUDOLPH, JJ., concur.

CAMPBELL, J., concurs in the reversal of the order.