HINKELMAN et al., Appellants v. BERRINGER, Respondent

(96 N.W.2d 174)

(File No. 9729. Opinion filed April 16, 1959)

Thomas Mani, Milbank, for Plaintiffs and Appellants.

Campbell, Voas & Richardson, Aberdeen, for Defendant and Respondent.

BANDY, Circuit Judge. Elizabeth Berringer, a widow, owned a tract of land known as the "lake property," which was thought susceptible to development as a summer resort. In 1947, under an oral agreement, her son William M. Berringer and his wife, Marie, went into possession of this property and thereafter made improvements thereon appropriate to resort development. In 1949 William died intestate and his estate vested in his wife, Marie, who continued in possession of the "lake property." In 1952 Elizabeth Berringer conveyed this property to her daughter, Eleanor V. Hinkelman. Subsequent to the delivery of such deed the grantee demanded possession of the premises from Marie who countered by commencing an action against Elizabeth Berringer, Eleanor V. Hinkelman and others not material to the present proceeding. In her complaint in such action Marie alleged the making and partial performance of an oral agreement between Elizabeth, William and Marie under which, " * * they should just go ahead and build the place up, paying her the $120.00 annual rental and that when she died it would all be theirs." Such complaint also alleged that subsequent to the death of William a like oral agreement had been made between Elizabeth and Marie, and continued performance thereunder.

Issue was joined, the action was tried to the court and a decree in the nature of a decree of specific performance was entered. During the pendency of the action Elizabeth had died and her codefendant Eleanor V. Hinkelman was coerced, by judicial procedure, to execute a conveyance to Marie.

In 1957 Eleanor brought the present action seeking

to set aside and vacate the prior decree, in her complaint alleging, in substance:

1. That Marie Berringer falsely induced the circuit court to assume jurisdiction by claiming in her pleading and subsequently testifying that Elizabeth Berringer had promised to convey the "lake property" to William M. and Marie Berringer upon her death, and that such agreement had been renewed with Marie after the death of William.

2. That the falsity of such claim and the testimony of Marie in support thereof is established by the contents of a letter written by Marie's attorney to Elizabeth's attorney in 1949, after the death of William. In such letter it was represented that Marie sought a lease on the "lake property" and promised, if such lease was given, to "* * take good care of all the property and use it in a reasonable manner, and when the lease expires, she will vacate the premises **and forego all her right in and to this property.**" (Emphasis supplied.)

3. That the attorney who represented Eleanor V. Hinkelman at the trial of the action (who is not her present counsel) negligently failed to offer the above referred to letter and certain other evidence claimed to have been material in evidence, and was so lacking in diligence in the handling of the subsequent appeal that the same was dismissed for lack of prosecution.

4. That other attorneys were consulted by Eleanor V. Hinkelman in connection with such appeal but that they failed or declined to act therein.

There is no allegation in the complaint which in any manner tends to connect Marie Berringer with the allegations summarized in paragraphs numbered 3 and 4.

The defendant, Marie Berringer, moved to dismiss such action on the ground that the complaint therein fails to state facts upon which relief could be granted. This appeal is from the order granting such motion.

■■ The contention that the jurisdiction of the court was imposed upon is without foundation. The Circuit Court of the Fifth Judicial Circuit had constitutional jurisdiction of all actions and causes in equity. The complaint sought

equitable relief involving the title to real property situated within the geographic jurisdiction of the court. The primary question presented for determination was as to whether the claimed agreement had been made. This was a part of the cause of action, not a jurisdictional allegation.

From the allegations of the complaint herein and the concessions made upon oral argument in this court it is clear that the appellant seeks to relitigate the precise question which was before the court on the first trial, viz.: Did Elizabeth Berringer promise to convey the "lake property" to William M. and Marie Berringer, or to Marie Berringer, upon her death?

The rule adhered to in Alberts v. Brubaker, 72 S.D. 220, 31 N.W.2d 769, 770, is decisive upon this point. In that case this court said: "The rule supported by the overwhelming weight of authority and the rule in this state is that fraud as a ground for vacating a judgment must be what is known as extrinsic fraud, that is, fraud in the means whereby the judgment was procured, and not fraud in the cause of action or matter put in issue and presented for adjudication. * * * The reason for the rule is, * * * 'that there must be an end of litigation; and when parties have once submitted a matter or have had the opportunity of submitting it, for investigation and determination, * * * it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud has prevented a fair submission of the controversy.' "

Counsel for the appellant strenuously urges that this rule has been abrogated in the federal courts by the decision in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250, and, in effect, contends that this court should modify its position to the extent that a showing of extrinsic fraud should no longer be required.

No necessity appears for this court to express an opinion as to whether the federal rule has been changed. The complaint in the present action does not present a factual situation which would require or justify a re-examination of the presently accepted rule in this state.

██ While the appellant is entitled to the benefit of an assumption of the truth of all well pleaded facts contained in her complaint, this does not include conclusions and general accusations of fraud. Such matters are not susceptible to general averment. SDC 33.0910.

██ The only attempt at particularization to be found in the complaint is in the claim that the letter seeking a lease on the "lake property" establishes the falsity of Marie Berringer's claim and her supporting testimony.

Clearly, such letter, written (it is assumed) at the behest and direction of Marie Berringer, does not establish falsity in either her pleaded claim or her testimony in support thereof. On the contrary, the letter shows that she was then making some sort of claim to an interest in the property but that if she was given the requested lease she would "forego all her right in and to this property."

██ The complaint incorporates some arguments and assertions that Marie Berringer falsely testified to having expended a large sum of money in improvement of this property. Even though this had been properly pleaded it would be of no force in this proceeding. The first action was one in the nature of one seeking specific performance of an oral agreement to convey real property. Such was the relief granted. Proof of the value of part performance by the promisee was not essential or material to the relief sought and received. In fact, in some instances it would be a bar to the relief sought. "* * * where the value of the services rendered is susceptible of measurement in dollars and cents, specific performance will not be decreed." Peterson v. Cussons, 63 S.D. 357, 258 N.W. 810, 812.

██ The claimed negligence of appellant's former attorney and her claim of inability to obtain the services of other counsel to proceed with her appeal, neither of which are in anywise attributed to Marie Berringer, do not constitute ground for the relief sought. The rule is thus stated in 49 C.J.S. Judgments § 368: "It is not sufficient ground for relief in equity that a judgment was obtained against a party in consequence of the neglect, inattention, mistake, or incompetence of his attorney, unless it was

caused by the opposite party, the fault of the attorney being attributed to the party himself."

The order dismissing the action is affirmed.

HANSON, P. J., and ROBERTS and RENTTO, JJ., concur.

BANDY, Circuit Judge, sitting for SMITH, J., disqualified.