## EDWARDS v. CHICAGO, M. & ST. P. RY. CO.

Where there is a conflict in the evidence, or where impartial jurors may draw different conclusions therefrom, the case must be submitted to the jury.

In an action for injuries to a pedestrian on a railroad track struck by a train, evidence examined, and **held** that the negligence of the operators in charge of the train was for the jury.

Whether a boy seven years of age, injured while walking on a railroad track by being struck by a train, was guilty of contributory neglicence, **held,** under the evidence, for the jury.

Under Rev. Code Civ. Proc. § 519, providing that, where a deposition has once been taken, it may be read in any other action between the same parties, etc., a deposition taken in a former action is admissible in a subsequent action between the same parties, on it appearing that the deposition was taken on due notice, and that one of the counsel of the party complaining who participated in the trial of the subsequent action was present at the taking of the deposition and cross-examined the witness.

The question of the allowance of amendments to pleadings is within the discretion of the trial court, and, unless there has been a manifest abuse of the discretion, the Supreme Court will not interfere.

Where the original complaint in an action against a railway company for injuries to a pedestrian on a track alleged that the pedestrian was injured by the negligence of the employees of the company, the allowance of an amendment allegeing that the employees omitted to use ordinary care to stop the train after the discovery of the peril of the pedestrian was proper as against the objection that it changed the nature of the action and added a new cause of action.

(Opinion filed, February 13, 1907.)

Appeal from Circuit Court, Lincoln County. Hon. J. W. JONES, Judge.

Action by Everett Edwards, continued after his death by Thomas Edwards, administrator, against the Chicago, Milwaukee & St. Paul Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Porter & King (H. H. Field, of counsel)*, for appellant. *Brown & Brown,* for respondent.

CORSON, J. This was an action commenced by plaintiff's intestate to recover damages for an injury caused by defendant's train, known as the "Sioux Falls" train. Judgment and verdict being in favor of the plaintiff, the defendant has appealed. The plaintiff having died subseqently to the trail of the action, his administrator, Thomas Edwards, was substituted as plaintiff; but for convenience the original plaintiff only will be referred to in this opinion.

The train which caused the injury to the plaintiff passed south on the west side of the city of Canton on First street to a point

nearly opposite its depot, where it curved to the east and crossed a number of north and south streets in an eastwardly direction some six or eight blocks to its depot; the track being upon level ground and the view after passiing Fifth street being unobstructed, The injury occurred at or near the east side of Cedar street. Plaintiff resided with his parents on the west side of Bartlett street, the first street west of Cedar street, one block south of defendant's railroad track, and shortly before he was injured he was sent by his mother on an errand to Main street, a street east of Cedar street. The defendant's railway at the point of crossing north along Bartlett street was blockaded by a freight train on what is known as the "I. & D. track," and the plaintiff passed around the engine of that train and on to the Sioux Falls track, which at that point was only about 10 feet from the I. & D. track, and from that point east to Cedar street he proceeded along the Sioux Falls track, and the evidence on the part of the defendant tended to prove that he was about 66 feet east of Cedar street at the time he was struck by the engine of the defendant; but plaintiff's evidence tended to prove that he was at or near the east line of Cedar street. The Sioux Falls train was due at Canton, at 11:45 a. m., and was on time. It is alleged in the complaint that plnatiffi without fail on his part, was injured by the negligence of the employees of the defendant.

It is contended by the defendant, as grounds for a reversal of the judgment: (1) That the evidence as to the negligence of the defendant's employees was insufficient to support the judgment, and that the motion of the defendant for a direction of a verdict in its favor should have been granted by the trial court; (2) that the plaintiff was guilty of contributory negligence and was therefore not entitled to recover in this action; (3) that the court erred in admitting the deposition of one John Zika, taken in a former action between the same parties; and (4) that the court erred in permitting the plaintiff to amend his complaint after the trial.

1. It appears by the evidence of the engineer and fireman that just before the accident the engineer was attending to his engine; that the plaintiff was not seen upon the track until the train passed Bartlett street, and was first seen by the fireman, who called the

attention of the engineer to the fact that the plaintiff was on the track; that immediately thereupon the air brakes were applied, the bell rung, and the alarm whistle sounded; that the engineer was unable to stop the train in time to avoid the accident; and that the train at the time the plaintiff was discovered was running at the rate of from six to eight miles an hour, and when it struck the plaintiff the speed had been reduced until it was moving at the rate of only two miles an hour. It is contended by the plaintiff that the evidence of the engineer and fireman as to the ringing of the bell and the sounding of the whistle, after they discovered the plaintiff on the track, was contradicted by evidence on the part of the plaintiff; that there was evidence tending to prove that the accident would have been avoided by the exercise of ordinary care on the part of defendant's employes after the plaintiff was discovered to be on the track; and that therefore the case was properly submitted to the jury. We are inclined to take the view that the plaintiff is right in his contention. While there was evidence on the part of the defendant corroborating the testimony of the engineer and fireman as to the ringing of the bell and the sounding of the whistle just before reaching the point where the plaintiff was injured, there was evidence on the part of the plaintiff tending to prove that neither the bell was rung nor the whistle sounded, and that for a distance of 900 feet westwardly from the place of the injury a person could be easily seen and distinguished upon the track. The evidence was also conflicting as to the speed of the train at the time the plaintiff was struck and injured. The evidence was voluminous, and no useful purpose would be served by reproducing it in this opinion. The rule seems to be well settled that, where there is a conflict in the evidence or where impartial jurors might draw different conclusions therefrom, the case should be submitted to the jury. Railroad Company v. Stout, 17 Wall. 657; Zwack v. Railroad Company, 160 N. Y. 362, 54 N. E. 785. The court therefore committen no error in denying the defendant's motion for a direction of the verdict in its favor.

It is disclosed by the evidence that the plaintiff at the time of his injury was an infant not quite seven years of age, and the

question of whether or not he had sufficient capacity to be charged with contributory negligence was a question for the jury. It seems to be established by the authorities that a different rule prevails upon the question of contributory negligence in the case of infants of tender years than that of adults. In Railroad Company v. Stout, supra, the Supreme Court of the United States in speaking upon this subject says: "It is well settled that the conduct of an infant of tender years is not to be judged by the same rule which governs that of an adult. While it is the general rule in regard to an adult that to entitle him to recover damages for an injury resulting from the fault or negligence of another he must himself have been free from fault, such is not the rule in regard to an infant of tender years. The care and caution required of a child is according to his maturity and capacity only, and this is to be determined in each case by the circumstances of that case." In Zwack v. Railroad Company, supra, the Court of Appeals of New York says: "The remaining question is whether the plaintiff gave sufficient evidence to show that he was free from contributory negligence, or, rather, whether the proof was of such character as to carry the case to the jury on that question. If that was, under the circumstances a question of fact, and not of law, then the appeal could not be sustained. I think it was a question of fact. In order to determine in such case what degree of care a boy of 10 years is bound to exercise, we must know something with respect to his capacity and maturity, and he is chargeable only with such a degree of care as can reasonably be expected from one of his age. "Byrne v. Railroad Company, 83 N. Y. 620; Swift v. Railroad Company, 123 N. Y. 645, 25 N. E. 378. It clearly appears from the evidence that, while the plaintiff was a boy of ordinary intelligence for one of his age, he was evidently confused by the movement of the freight train, the bell of which seemed to have been ringing preparatory to its moving westwardly, and that he did not hear or notice the approaching Sioux Falls train. While it may have been true, as stated by the court in its charge to the jury, that the plaintiff was technically a trespasser upon the defendant's right of way, the court could not have properly decided as a matter of law that he was charge-

able with contributory negligence, in view of his age, and all the surrounding circumstances. Hence it was not error to overrule defendant's motion for a direct verdict on that ground; and, as no instruction was requested or exceptoin taken to the charge relative to contributory negligence, the subject demands no further consideration.

3. On the trial of the case at bar the plaintiff introduced in evidence a deposition of one John Zika, taken in a former action between the same parties, without having filed the same in the present action previous to the trial, and it is contended by the defendant that in admitting this deposition over the objection of the defendant the court committed error for which the plaintiff is entitled to a reversal of the judgment. We cannot agree with counsel for defendant in this contention. Section 519, Rev. Code Civ. Proc., provides as follows: "When a deposition has once been taken, it may be read in any stage of the same action or proceeding, or in any other action or preceeding upon the same matter, between the same parties, subject, however, to all such exceptions as may be taken thereto under the provisions of this chapter." It is disclosed by the record that the deposition was taken in the former action upon due notice, and that one of the counsel for defendant who participated in the trial of the present action was present at the taking of the deposition and cross-examined the witness; hence there could have been no surprise on the part of the defendant, and it was not shown that the defendant suffered any prejudice by the failure of the plaintiff to file the disposition in this action. In an early Missouri case (Samuel v. Withers, 16 Mo. 532) the Supreme Court of that state held that the failure to file a deposition in a second suit was ground for excluding it on the trial; but in the subsequent cases of Cabanne v. Walker, 31 Mo. 274, and Adams v. Raigner, 69 Mo. 363, that learned court in effect reversed its former decision and held that such a deposition was admissible, though not filed in a second suit, unless the opposing party could show that it had been taken by surprise or had been prejudiced by the omission to file the deposition. This seems to us to be the more satisfactory rule and sufficient for the

protection of the opposing party. In Iowa the early rule as first adopted in Missouri was followed in the case of Searle v. Richardson, 67 Iowa, 170, 25 N. W. 113; but in the view we take of the question we are not inclined to follow that decision. Courts no doubt will see that in the admission of such a deposition no injustice is done to the adverse party.

4. After the trial plaintiff was permitted by the court to amend his complaint by adding thereto the following paragraph: "And (4) that after the perilous condition of said infant upon its track had been discovered by said employees, and it became apparent to them that said infant was not aware of the approaching train and his danger therefrom, said employees failed and omitted to use ordinary and reasonable care to stop said train, or they might have stopped the train and avoided injuring plaintiff." It is contended by the defendant that by this amendment the plaintiff added a new cause of action to his complaint, and that such an amendment could not be made after the trial. The subject of amendments is very largely within the sound judicial discretion of the trial court, and, unless there has been a manifest abuse of such discretion, this court will not interfere with the exercise of that discretion. We cannot agree with counsel for the defendant in their contention that this amendment added a new cause of action to the complaint. It is true that the original complaint as drawn did not specify the particular negligence set out in the amendment, and the only change made by this amendment seems to have been to more specifically point out the negligence complained of, and in our view of the case did not essentially change the nature of the original action or add a new cause of action. In Smith v. Railroad Co., 56 Fed. 458, the Circuit Court of Appeals in considering a similar amendment uses the following language: "In suits of this character, to recover damages for injuries sustained in consequence of another's negligence, it frequently happens that the general charge of negligence is predicated on several different acts, either of commission or omission, and it has never been supposed that each distinct act so relied upon constitutes an independent cause of action, and should be pleaded in separate counts. On the contrary, it is the common and correct

practice to set forth in the same count all of the concurrent acts, whether of commission or omission, which are relied upon to establish the general charge of negligence.  *  *  *  That the amended pleading did not introduce a new cause of action finds abundant support in the decisions of various state courts where the Code of Procedure has been adopted."

Finding no error in the record, the judgment of the circuit court and the order denying a new trial are affirmed.