## APPLICATION OF JONES

(231 N.W.2d 844)

(File No. 11506. Opinion filed July 31, 1975)

Franklin J. Wallahan, Hanley, Wallahan & Murray, Rapid City, for applicant and respondent.

Gene R. Bushnell, Costello, Porter, Hill, Nelson, Heister-kamp & Bushnell, Rapid City, for protestant, Jack Rabbit Lines.

George Beal, George Beal Law Offices, Rapid City, for protestant and appellant, Black Hills and Western Tours.

WINANS, Justice.

This case is here on appeal from a finding of the Honorable Thomas Parker, Presiding Judge of the Seventh Judicial Circuit Court, of Pennington County, dated June 27, 1974, that "the Public Utilities Commission in granting the applications of Herman Fredrick Jones * * *acted within its constitutional and statutory powers and that its decision is supported by substantial evidence and is reasonable and not arbitrary."

Herman Fredrick Jones of Rapid City applied to the South Dakota Public Utilities Commission for authority to operate two separate routes as a Class "A" motor carrier for hire, one route to run from Rapid City to the Race Track of the Black Hills Racing Association and the other route to run from Rapid City to the Mount Rushmore National Memorial with stops at several tourist spots along the way. Both operations were classified by the applicant as of the mass transit variety, nonluxury buses hauling.

passengers and baggage to and from these local designated points at frequent regular intervals. Hearings were held on both applications jointly at Rapid City by the Commission on January 3 and 4 and on February 1, 1974, and on April 8,. 1974 the Commission issued orders granting Jones the two Class "A" authorities requested. Appearing at the Commission hearings to protest the petitions were Black Hills and Western Tours, Inc. (holding the Gray Line franchise); Denver, Colorado Springs, Pueblo Motorways, Inc., dba Continental Trailways; Yellow Cab Company and Jack Rabbit Lines, Inc. Protestants' petition for a rehearing by the Commission was denied. On May 6, 1974, through its counsel George Beal, Black Hills and Western Tours, Inc., appealed the Commission's orders to the Circuit Court of Pennington County, pursuant to SDCL 49-14-3. Presiding Judge Parker heard the appeal May 29, 1974, and on June 27, 1974 he affirmed the Commission's orders in a memorandum decision. A judgment was signed that day and filed the next whereupon applicant's counsel flew immediately to Pierre where the P.U.C. at once issued the permits to operate the two routes. Upon the circuit court's denial of a motion to vacate judgment Black Hills and Western Tours, Inc., appealed to this court.

Appellant questions the circuit court's affirmation of the Public Utilities Commission's finding of "public convenience and necessity" and of Jones' financial and other abilities to render proper service. Appellant further suggests the Commission failed to give reasonable consideration to the effect the grant of requested authority would have on Appellant and states both that Appellant ought to have been offered first opportunity to provide services offered to Jones and that some of the service at least authorized to Jones should be voided because it duplicates already existing services provided by Appellant. Finally, counsel for Appellant argues that the circuit court conducted an improper ex parte hearing in signing the judgment absent Appellant's counsel and that Appellant's rights on appeal were prejudiced.

We find for the applicant Jones on all issues and affirm the judgment of the circuit court.

Our review of the circuit court judgment challenged here is not a review of the findings of fact, conclusions of law

and judgment of an action tried to the court. It is a review of the action of the Commission without regard to the circuit court judgment. State ex rel. Dakota Savings and Loan Assoc. v. Brosz, 1964, 81 S.D. 64, 131 N.W.2d 69. The ultimate question in regard to each of the first three issues presented by Appellant is whether or not the orders of the Commission are unreasonable or arbitrary or lack substantial support in the evidence. Application of Dakota Transportation, 1940, 67 S.D. 221, 291 N.W. 589. We think not.

A careful reading of the record of the Public Utilities Commission's hearing and of its report presents ample evidence that testimony was presented and that it was considered on the matter of public convenience and need for the proposed services, on the matter of Jones' financial and other abilities to provide the services and on the question of the effect the proposed services would have on all aspects of services then offered by Appellant and other protestants. Certainly this latter consideration was the motivation for refusing Jones Rule 17 permission to offer special or chartered service. It has been said that the problem for the reviewing court is not only to avoid a substitution of judgment and thereby avoid too much review, but it is also to assure the proper application of the reasonableness test and thereby avoid too little review. Davis, Administration Law Treatise, § 29.06, p. 147. Reasonable minds may well not be unanimous in finding with the Commission on all points. This is to be expected. But we cannot say either that substantial evidence to support the Commission's findings on these matters is absent from the record or that the decisions of the Commission are unreasonable or arbitrary.

Appellant states that upon a finding that the proposed services were in the public interest, being adjudged both convenient and necessary, the Commission should then first have offered an option to provide such services to an already operating carrier. For this proposition Appellant relies on Vander Werf v. Board of Railroad Commissioners of South Dakota, 1931, 58 S.D. 586, 237 N.W. 909 and Corporation Commission v. Pacific Greyhound Lines (1939), 54 Ariz. 159, 94 P.2d 443. In *Vander Werf* it is stated that "it is the general rule that a certificate of convenience and necessity should not be granted where there is

existing service 'over the route applied for * * unless the existing carrier has been given an opportunity to furnish such additional service as may be required.' 67 A.L.R. 957." There is no existing regularly scheduled service over the route to the dogtrack. Appellant once offered a very limited service to the track and discontinued even that after a short time. The record is almost totally devoid of any desire of Appellant to offer regularly scheduled nonluxury service to Mount Rushmore. In fact, it is Appellant's argument it could not be offered at a profit. Jones seeks to involve himself only in the business of offering frequent runs of the mass transit variety on both routes. There is no such existing service offered by any of the protestants or by any other authorized carrier. Consequently, whether or not the venerable authorities which Appellant invokes have the same force today, in this case they do not apply. On neither run is there existing regularly scheduled mass transit service whose operator(s) should first have been given an option to expand.

■ Appellant has argued that Jones has been authorized to offer overlapping or duplicating service on the evening trips to Mount Rushmore and that such authorization is void. Substantial evidence in the record indicates that the Commission considered the possibility of overlapping or duplicating services and that for this reason it limited Jones' season for operating but not his hours of operation. The equipment to be used, the type of service to be offered, the time to be consumed and the price to be charged for the applicant's offering and for the Appellant's offering distinguish the two substantially. Gray Line offers a tour; Applicant offers transportation only. Again, reasonable minds may differ, but in these circumstances the Court may not substitute its judgment for that of the Commission. There is sufficient ground to find that Jones' evening service and that offered by Appellant do not duplicate each other to the point of voiding any part of Jones' authorization.

■ Lastly, Appellant's counsel has suggested that the circuit court and counsel for Jones acted improperly in signing the judgment absent Appellant's counsel and in having the Commission issue the requested authorities to operate immediately. This Court cannot look favorably upon serious charges of impropriety and unethical conduct lightly flung about in counsel's

brief. There is no showing whatsoever that either judge or counsel was out of order. Judge Parker did not act improperly in signing the judgment absent Appellant's counsel. Appellant had already had his day in court and a decision had been rendered. Nor was it out of line for the court to direct the Commission to issue the certificates of authority at once. Our law, SDCL 15-6-62(a), provides that proceedings shall not be taken for the enforcement of a judgment until the expiration of thirty days after its entry, "[e]xcept as stated herein or as otherwise ordered by the court for good cause shown". At the hearing before Judge Parker and subsequently in a letter to the Court with copies to all parties Jones' counsel stressed the need for the speedy decision to which his client was entitled by law and to its immediate implementation. In light of the seasonal nature of the services provided by applicant Jones and the fact that the tourist season was already well under way exemption from the thirty-day limitation seems in order. Once the judgment had been signed and entered there was nothing unethical in counsel's fast flight to the Capital to attend to its execution.

While zealous advocacy for a client's cause is commendable, we caution all counsel against letting adverse decisions and conflicting personalities bring them to the point of casually impugning the reputations and the motives of any member of the court or of the bar.

Judgment affirmed.

All the Justices concur.