**Douglas Paul FOSSUM, Plaintiff and Appellant,**

v.

**Cindy FOSSUM, Defendant and Appellee.**

**Nos. 14799, 14815.**

Supreme Court of South Dakota.

Submitted on Briefs May 22, 1985.

Decided Sept. 4, 1985.

Steven J. Bucher of Miller & Bucher, Plankinton, for plaintiff and appellant.

Thomas J. Farrell of Pruitt, Matthews & Muilenburg, Sioux Falls, for defendant and appellee.

WOLLMAN, Justice.

This is an appeal from a judgment and decree of divorce and from an order denying a motion for modification of child support obligations. We reverse and remand.

Appellant, Douglas Paul Fossum (husband), commenced an action for divorce against appellee, Cindy Fossum (wife), in early January of 1984. The case was brought on for trial on July 10, 1984. The court tentatively ruled from the bench that it would award child support payments to wife in the amount of $225.00 for the two children that had been born to the marriage. The trial court indicated that before making the award final it wished to have information regarding the effect the award would have upon wife's aid to dependent children payments. Counsel for the parties stipulated that a letter would be obtained explaining the effect of such an award on those payments. The parties waived the entry of findings of fact and conclusions of law. Pursuant to their stipulation, the parties submitted to the court a letter regarding the effect of the child support award upon the monthly ADC payments. Counsel for wife also submitted to the court, although the record does not reveal that a copy was submitted to husband's counsel, a letter indicating that wife had obtained employment in Sioux Falls subsequent to the trial.

The trial court signed the judgment and decree of divorce on September 29, 1984. Notice of entry was given to husband on October 13, 1984. The judgment provided that husband pay child support to wife in the amount of $125.00 per child for each of the two children. The judgment also provided that on April 1, 1985, the child support payments would be increased to $200.00 per month per child.

On November 2, 1984, husband served what he denominated as a motion for new trial seeking, inter alia, relief from the judgment under SDCL 15-6-60(b), contending that he was not aware of the fact that wife had obtained employment until after the time for making a motion for new trial had expired.

The trial court treated the motion as one for modification of the child support provisions of the divorce decree and then entered an order denying the motion.

Husband contends that the trial court abused its discretion in awarding child support in the amount of $250.00 per month inasmuch as at time of trial husband's monthly net income totaled only $821.66, out of which he was required to support his child from a previous marriage. Husband contends that the trial court compounded this error by providing that the child support payments should automatically increase to $400.00 per month on April 1, 1985.

■ Although we do not agree that the trial court abused its discretion in fixing the initial amount of child support, we conclude that it erred in providing that the payments should automatically increase to a total of $400.00 per month on April 1, 1985. The trial court based the latter decision upon husband's trial testimony that certain of his debts would be paid by that date.

■ We have indicated our disapproval of prospective child support increases based upon a parent's anticipated increased earnings. *Hood v. Hood*, 335 N.W.2d 349 (S.D.1983); *Karim v. Karim*, 290 N.W.2d 479 (S.D.1980). The same considerations apply in the instant case. Child support should be based upon the needs of the child or children and awarded on the basis of the supporting parent's reasonably determinable income. Accordingly, we conclude that the trial court should on remand determine the amount of support based upon the

husband's present ability to pay and the children's present needs.

In accordance with our decision in *Malcolm v. Malcolm*, 365 N.W.2d 863 (S.D. 1985) the parties have submitted motions, supported by itemized statements, for attorney fees on appeal. In view of the nature of our holding, we deny the motions.

In # 14799, the appeal from the judgment, that portion of the judgment which orders the child support payments to be increased to a total of $400.00 per month effective April 1, 1985, is reversed. In # 14815, the appeal from the order denying the motion for modification of child support, the order is reversed. The case is remanded to the circuit court with directions to modify the decree of divorce in accordance with the views set forth in this opinion.

All the Justices concur.

WUEST, Circuit Judge, Acting as Supreme Court Justice, participating.