William A. TESCH, Plaintiff
and Appellant,

v.

Betty L. TESCH, Defendant
and Appellee.

No. 15274.

Supreme Court of South Dakota.

Argued Oct. 23, 1986.

Decided Jan. 14, 1987.

Kenneth E. Jasper of Jasper & Tobin Law Office, Rapid City, for plaintiff and appellant.

Thomas G. Fritz of Lynn, Jackson, Schultz & Lebrun, P.C., Rapid City, for defendant and appellee.

HENDERSON, Justice.

## PROCEDURAL HISTORY/ISSUES

This is a divorce action. Plaintiff (Mr. Tesch) filed for divorce. Defendant (Mrs. Tesch) answered and counterclaimed for divorce. The circuit court granted Mrs. Tesch a divorce. Mr. Tesch appeals contending that the circuit court erred when it:

(1) allowed his wife to orally amend her pleadings at trial to include requests for alimony and attorney's fees over his objections;

(2) granted his wife a divorce and denied same to him;

(3) ordered him to pay $360 a month in child support; and

(4) ordered him to pay $125 a month (for twenty-four months) in alimony.

We treat these issues seriatim. We affirm.

## FACTS

William and Betty Tesch were married on December 11, 1960. The marriage produced three children; Debra and Allan, who have reached the age of majority, and Terry, who will be eighteen on December 20, 1986. Mr. Tesch is approximately forty-six years old. His wife is about one year older. Both parties possess similar educational backgrounds (high school graduates) and both presently enjoy good health.

Mr. Tesch received two years of machinist training while in high school. He works as a welder and has held that position for four years. Throughout the marriage, Mr. Tesch was employed at similar jobs and has been the family's sole breadwinner about 70% of the time. He is currently being paid at a rate of $9.65 per hour, which converts into $1,544 a month, or $18,528 a year. Mr. Tesch also works overtime (for which he receives a time-and-a-half wage, approximately $14.50 an hour) from February through September. With overtime, his gross pay is estimated at $23,000 a year.

Mrs. Tesch attended one quarter of college and has since accumulated a few other college credits. Her first employment occurred in March 1974. She testified that her husband left their house to protest this employment and that she gave up the job. Mrs. Tesch occasionally held part-time jobs until February 1, 1985. Then, she obtained a full-time position in a bank as a supervisor in the microfilming-microfiche department. At this time last year, Mrs. Tesch earned $390 bimonthly, which converts into $780 a month, or $9,360 per year. She works overtime on occasion, although she claimed overtime was unusual. Mrs. Tesch's primary role in the marriage was that of homemaker.

William Tesch moved from the family house on April 15 and filed for divorce on April 17, 1985. He alleged grounds of mental cruelty stemming from his wife's verbal abuse, failure to share the marital bed, and failure to engage in sexual relations.

On May 17, 1985, Betty Tesch answered and counterclaimed for divorce. She alleged grounds of mental cruelty based upon her husband's extramarital affairs which occurred in 1974 and 1982, as well as his present living arrangement (since May 1985) with another woman.

Mrs. Tesch later applied for interim support for herself and son Terry. Her husband filed his Affidavit and Financial Statement in response. The court issued an Order for Interim Support on June 17, 1985, which required Mr. Tesch to pay $400 per month ($130 for his wife, $270 for Terry).

A trial was held on November 5, 1985. The court awarded Mrs. Tesch a divorce and custody of Terry. Mr. Tesch was ordered to pay rehabilitative and restitutional alimony of $125 a month for twenty-four months. Mr. Tesch was also ordered to contribute $360 per month towards Terry's support until December 31, 1986, the month of Terry's eighteenth birthday. This support amount was reached based upon the testimony given, the parties' incomes, and child support guideline charts furnished to this state's trial judges which were adopted by the Iowa Supreme Court for use in Iowa. The issue of property settlement was decided by the parties prior to trial and is not an issue upon appeal, except as it applies to the issues of alimony and child support. Mr. Tesch appeals.

## DECISION

### I.

The cases are legion. A trial court may permit the amendment of pleadings before, during, and after trial without the adverse party's consent. *Koenekamp v. Picasso*, 63 S.D. 440, 443, 260 N.W. 623, 624 (1935); *Murphy v. Plankinton Bank*, 18 S.D. 317, 318, 100 N.W. 614, 616 (1904). *See* 61A Am.Jur.2d *Pleading* §§ 311, 315 (1981); 71 C.J.S. *Pleading* § 28 (1951). SDCL 15–6–15(a) states that "leave [to amend] shall be freely given when justice so requires." The trial court's decision will not be disturbed on appeal absent a clear abuse of discretion which results in prejudice to the non-moving party. *Behringer v. Muchow*, 72 S.D. 80, 83, 30 N.W.2d 5, 6 (1947). *See also Edwards v. Chicago, M. & St. P. Ry. Co.*, 21 S.D. 504, 510, 110 N.W. 832, 834 (1907). Prejudice is often shown when a party is surprised and unprepared to meet the contents of the proposed amendment. *See Edwards*, 110 N.W. at 834; 61A Am.Jur.2d *Pleading* § 315.

There was no abuse of discretion in this case. Mr. Tesch was aware of the alimony/attorney's fees issues prior to the oral pleading amendment. Therefore, he cannot successfully advocate prejudice as a result of their inclusion at trial.

It is also noted that Mr. Tesch failed to request a continuance after his wife's pleading amendment was requested and granted. This inaction further validates the circuit court's decision allowing oral amendment of the pleadings. *See Lehman*

*v. Smith*, 40 S.D. 556, 560, 168 N.W. 857, 858 (1918); *Rectenbaugh v. N.W. Port Huron Co.*, 22 S.D. 410, 414, 118 N.W. 697, 698 (1908); 17 Am.Jur.2d *Continuance* § 46 (1964). We also note that Mr. Tesch indicated if his wife was permitted to amend, he would seek to amend for support for himself. He thereafter motioned for and was granted leave to amend.

Having determined that the circuit court did not abuse its discretion by allowing Mrs. Tesch to orally amend her pleadings at trial, it is not necessary to specifically enter a holding that she must expressly request alimony in order to receive it, or whether the court (under SDCL 25–4–41) may independently award alimony based upon a party's general prayer for relief. As a practical matter, we will express that it is better practice to set forth requests for relief on important substantive issues.

## II.

This Court must exercise a standard of review that "give[s] due regard to the opportunity that the trial court has to judge the credibility of the witnesses and to weigh their testimony." *Holforty v. Holforty*, 272 N.W.2d 810, 811 (S.D.1978). We should not set aside the trial court's findings unless they are clearly erroneous. SDCL 15–6–52(a); *Holforty*, 272 N.W.2d at 811; *Pochop v. Pochop*, 89 S.D. 466, 468, 233 N.W.2d 806, 807 (1975).

In the *Holforty* case, the trial court awarded a divorce to the wife even though both parties presented evidence which entitled each of them to a divorce decree. The trial court held that the husband's misconduct (physical abuse and marital infidelity) was more serious than his wife's misconduct (which appears to have been desertion) and thus awarded divorce to the wife. On appeal, this Court noted that substantial evidence in the record supported the trial court's finding. Therefore, the award of the divorce to the wife was not clearly erroneous. *Holforty*, 272 N.W.2d at 811.

In our case, Mr. Tesch engaged in adulterous affairs in 1974 and 1982. He also left the marital home to protest his wife's procurement of a job which resulted in her leaving the job. Her testimony reflected that she remained with her husband out of necessity.

■ Mr. Tesch argued that his wife condoned his behavior by virtue of their continued cohabitation and marital relations over a substantial period of time from his last indiscretion (circa 1982). Yet, past opinions of this Court have found that the continuation of cohabitation, marital relations, and passive endurance, absent an express agreement to condone, was insufficient to support a finding of condonation. *Rykhus v. Rykhus*, 319 N.W.2d 167, 169 (S.D.1982); *Gassman v. Gassman*, 296 N.W.2d 518, 521 (S.D.1980). *See also* SDCL 25–4–22 through SDCL 25–4–26, inclusive.

It was determined below that the divorce was more the fault of Mr. Tesch's extramarital behavior than his wife's refusal to engage in marital relations. As in *Holforty*, the circuit court was charged with balancing the faults of the parties. This Court affirmed the *Holforty* decision upon the premise that the trial court's decision was not clearly erroneous. Instantly, we affirm this trial court's decision based upon similar reasoning.

## III.

Mrs. Tesch's gross pay is approximately $9,360 per year. She was ordered to provide Terry with health insurance and to split evenly, with her husband, the cost of any further health-related needs which Terry might experience. Mr. Tesch was to absorb the cost of any deductible charges incurred under his wife's policy. Terry will be provided a home and supervision by his mother.

■ Mrs. Tesch testified that the average monthly cost of providing for Terry was $356. The trial court ordered Mr. Tesch to pay $360 a month in child support

through December 1986. Mr. Tesch argues that the $360 child support award is excessive in that he should not be forced to solely provide for Terry. He also claims that the child support award is based partially upon speculative earnings (his overtime) and it should be lowered for that reason. Lastly, Mr. Tesch notes that the trial court used Iowa Child Support Guidelines. He claims that their use reduced the outcome to a formula by which the trial court abused its discretion.

Mr. Tesch overlooks that he is not, by himself, providing for Terry. His wife is contributing, too. In addition, most of Mrs. Tesch's earnings will likely go to meet her own needs. Mr. Tesch earns a greater salary and he should therefore shoulder a greater portion of the monetary burden. This Court has previously written that "[c]hild support should be based upon the needs of the child ... and awarded on the basis of the supporting parent's reasonably determinable income." *Fossum v. Fossum*, 374 N.W.2d 100, 101 (S.D.1985). It is obvious that the child support period has a very narrow span.

Mr. Tesch's speculative-overtime argument does have some merit, but it is unpersuasive in the end. Our past cases have expressed displeasure with the practice of basing child support amounts upon anticipated salary increases. *See Fossum*, 374 N.W.2d at 101; *Hood v. Hood*, 335 N.W.2d 349, 351 (S.D.1983); *Karim v. Karim*, 290 N.W.2d 479, 482 (S.D.1980). In this case, Mr. Tesch has been employed at the same firm for a period of four years. He has received overtime every year from approximately February through September. This overtime pay raises his base salary from $18,528 to about $23,000 a year. The trial court used the higher figure when setting the amount of child support.

Clearly, overtime pay received for four consecutive years differs greatly from the disfavored anticipated salary increases mentioned above. But there is merit in Mr. Tesch's argument that overtime should not be used when figuring child support amounts. *See Cole v. Cole*, 384 N.W.2d 312, 316 (S.D.1986). The existence of overtime is not guaranteed, and we do have difficulty in saying that Mr. Tesch should be required to work overtime to comply with court-ordered child support payments. *See Cole*, 384 N.W.2d at 316. But such is not the situation here.

Even if Mr. Tesch's base salary is considered ($18,528), the $360 per month award is not excessive when compared with other child support orders which this Court has affirmed. *See, e.g., Fossum*, 374 N.W.2d at 101 (approving a $250 award based on an $821.66 net monthly salary).

Finally, we hold that Mr. Tesch is incorrect when he claims that the circuit court's use of the Iowa Child Support Guidelines as a guide was an abuse of discretion. A reading of the record reveals that the guidelines were considered in conjunction with the facts of the case. In arriving at the amount of child support, the circuit court clearly noted that the Child Support Guidelines were used "as guidelines." They were not rigidly or blindly applied.

Based upon the foregoing analysis, we hold that the trial court did not abuse its discretion in fashioning this child support award. Therefore, we will not disturb the court's determination on appeal.

## IV.

It is well settled that a trial court's alimony award will not be disturbed "unless it clearly appears that the trial court abused its discretion." *Straub v. Straub*, 381 N.W.2d 260, 261 (S.D.1986) (citing *Rykhus v. Rykhus*, 319 N.W.2d 167 (S.D.1982)). When setting an alimony award, the trial court should consider "the length of the marriage; the respective earning capacity of the parties; their respective financial condition after the property division; their respective age, health, and physical condition; their station in life or social standing; and, the relative fault in the termination of the marriage." *Straub*, 381 N.W.2d at 261

(citing *Morrison v. Morrison,* 323 N.W.2d 877 (S.D.1982) and *Guindon v. Guindon,* 256 N.W.2d 894 (S.D.1977)).

Applying these factors, we see that differences between the parties are illuminated. Mr. Tesch earns about twice as much as his wife. He has accepted more debt ($5,780, of which $4,400 comes from their daughter's education costs) than his wife ($3,000 which is largely comprised of her attorney's fees).

The court noted that Mrs. Tesch, throughout the marriage, had expressed an interest in advanced education; that her present employer would likely reward a college degree with an elevation of position and a salary increase; and that she would be unable to otherwise pay for additional education (through a second job) due to the necessity of providing a home and proper parental supervision for Terry. The circuit court awarded Mrs. Tesch twenty-four months of alimony payments at $125 a month.

■ We perceive the alimony award as being properly rehabilitative alimony, not excessive in amount, nor in duration. It is properly designed to enable Mrs. Tesch to obtain the educational skills she needs to fend for herself in life. *See Saint-Pierre v. Saint-Pierre,* 357 N.W.2d 250, 263 (S.D. 1984) (Henderson, J., specially concurring). In fact, this alimony award may avert Mrs. Tesch's subsequent reliance on her husband or on the public. Both need and ability were taken into consideration. *Straub,* 381 N.W.2d at 262.

In fashioning its award, the circuit court did not act without reason and in clear contradiction to the evidence. *See Martin v. Martin,* 358 N.W.2d 793, 802 (S.D.1984) (Henderson, J., concurring in part and dissenting in part) (citing *Herndon v. Herndon,* 305 N.W.2d 917, 918 (S.D.1981)). Instead, this alimony award reflects a thoughtful analysis and result which this Court will not tamper with on appeal.

Finally, we shall mention the numerous gratuitous questions asked by the trial court. Such a practice should be avoided.

A trial judge must not be in the arena of questioning—nay—he must preside over it that he may neutrally rule.

Attorney's fees for appellee are denied as there was no separate motion or verified-itemized statement filed in connection with this appeal. *Malcolm v. Malcolm,* 365 N.W.2d 863, 866 (S.D.1985).

We affirm the circuit court's decision in its entirety.

All the Justices concur.

FOSHEIM, Retired Justice, participating.

MILLER, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.