**Donna M. SJOMELING, Plaintiff and Appellee,**

v.

**William L. SJOMELING, Defendant and Appellant.**

**No. 17236.**

Supreme Court of South Dakota.

Considered on Briefs March 21, 1991.

Decided June 26, 1991.

---

488

Jerry C. Rachetto, Deadwood, for plaintiff and appellee.

Reed C. Richards, Deadwood, for defendant and appellant.

WUEST, Justice.

William and Donna Sjomeling were divorced on March 22, 1989. They had two minor children, William, Jr. and Chris. William was awarded custody of William, Jr. and Donna awarded custody of Chris. Their divorce decree was never appealed.

Pursuant to the couple's divorce decree, William was ordered to pay Donna a property settlement adjustment in the amount of $12,365.46 to equalize the equities between the parties. William was ordered to pay this amount in equal monthly installments over four years at ten percent interest per annum. The trial court held the parties might agree upon some other arrangement. Shortly after the divorce, the parties agreed William could pay the property settlement adjustment in four annual installments in December of each year, rather than monthly.

William failed to make his first installment in December 1989. Donna filed a show cause petition to obtain an order concerning this missed payment. A hearing on the matter was postponed until April 1990. On or about February 1, 1990, Chris, who had been living with his mother, moved in with his father and brother. On February 12th, William filed a motion for custody and child support in reference to Chris.

The missed property settlement payment, Chris' custody and support, and several other issues came on for hearing in April 1990. The trial court ordered William to make current the property settlement adjustment within sixty days or the entire amount would be accelerated. The trial court also awarded William custody of Chris and ordered Donna to pay child support from April 1990, onward.

William failed to make the property settlement current within sixty days and Donna obtained a judgment for the entire amount. The trial court waived the thirty-day limitation on the execution of judgments and Donna attempted to execute her judgment on William's I.R.A. He appealed to this court and filed a bond which stayed execution of the judgment. He raises four issues on appeal:

I.   Whether the trial court erred in modifying the unappealed property settlement;

II.  Whether the trial court abused its discretion in calculating Donna's income for purposes of determining child support and in not ordering child support for Chris to commence upon the date his custody actually changed;

III. Whether the trial court abused its discretion in waiving the thirty-day limitation period in SDCL 15-6-62(a); and

IV.  Whether the trial court erred in granting Donna $850 in attorney's fees.

I.

William contends the trial court's order accelerating the property division debt is an impermissible modification of the couple's property settlement decree. He argues the trial court only has jurisdiction to order compliance with the express provisions of the decree, i.e., monthly installments.

It is the settled law of this state that the division of property pursuant to a divorce decree is not subject to modification. *Rousseau v. Gesinger*, 330 N.W.2d 522

(S.D.1983); *Holt v. Holt*, 84 S.D. 671, 176 N.W.2d 51 (1970). However, we find the trial court's action more in the nature of an enforcement of its order, rather than a modification of the decree.

■ A property division in a divorce action is designed to settle with finality the property rights of the parties as of the entry of judgment, and each party is entitled to their respective property as of that date. *Malcolm v. Malcolm*, 365 N.W.2d 863, 865 (S.D.1985); *Rousseau*, 330 N.W.2d at 525; *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979). The division of marital property is an equitable action by the court. SDCL 25-4-44. And as a general rule, courts retain jurisdiction to make such further orders as are appropriate to compel compliance with its judgment. 24 Am.Jur. 2d, Divorce and Separations § 959. This general rule is codified at SDCL 25-4-42, which provides in part:

> The court may require a spouse to give reasonable security for providing maintenance, or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or *by any other remedy applicable to the case* [.]

(Emphasis added).

Donna acquired a vested right to the property settlement adjustment at the time the parties' judgment of divorce was entered. The monthly installment schedule was established primarily for the benefit of William, who failed to abide by that schedule and his subsequent agreement with Donna. The trial court's order in no manner modified the division of the marital property; it merely modified the method of distribution of the property settlement adjustment. We find the trial court's acceleration of the debt a remedy applicable to the case. Had the debt not been accelerated, Donna may have had to repeatedly petition the court to order William to comply with the parties' agreement. The court's order did not impermissibly modify the property division.

II.

A.

■ On or about February 1, 1990, Chris moved in with his father. Chris did so of his own accord and Donna, respecting the child's preference, does not dispute the change in custody. In re-calculating child support obligations, the trial court was presented with evidence that Donna made certain commissions at her job in addition to her hourly wage. However, the trial court did not consider these commissions in determining her gross income and child support obligation. William contends this was error.

A parent's child support obligation is determined by his or her net monthly income. SDCL 25-7-6.2. Pursuant to SDCL 25-7-6.3:

> The monthly net income of each parent shall be determined by his gross income less allowable deductions, as set forth herein. The monthly gross income of each parent includes amounts received from the following sources:
>
> (1) Compensation paid to an employee for personal services, whether salary, wages, *commissions, bonus* or otherwise designated[.]

(Emphasis added).

The trial court determined the gross income of each parent based upon the testimony and evidence adduced at the hearing. William testified to his weekly gross income and Donna introduced into evidence a payroll stub indicating her bi-monthly gross income. The trial court calculated each party's child support obligation based upon their gross earnings from regular work hours and excluded potential overtime, commissions and bonuses. The trial court specifically found that Donna's commissions were not certain enough to be treated as income for purposes of calculating child support. Donna testified her employer was reorganizing its business and it was doubtful whether she would be earning commissions after the reorganization. Likewise, the trial court did not consider William's usual annual bonus because he did not receive one in 1989—which, in part, precipitated this action because William

was therefore unable to timely make his property settlement payment to Donna. The trial court's finding has support in the record, and the trial court did not abuse its discretion in refusing to consider the speculative commissions. *See Peterson v. Peterson*, 434 N.W.2d 732 (S.D.1989) (income not received not considered).

### B.

■ With respect to the new custody arrangements, the trial court determined that William was entitled to child support from Donna in the amount of $130 per month per child effective April 1, 1990. However, Chris moved in with his father February 1st and on February 12th William filed a motion for custody and child support. William contends the trial court erred in refusing to grant him child support for Chris for the months of February and March 1990. We agree.

Each parent of a child is obliged to provide support for the child. SDCL 25-7-6.1. The effect of the trial court's ruling is that Donna was not responsible for her share of the support of Chris for the months of February and March. Her argument that these payments constitute back child support is without merit. William's February 12th motion for custody prompted the court's order as to child support for Chris. Thus, it was not past due support, but a new determination. Donna's child support obligation should be modified from the date William gained custody of Chris and noticed his motion for custody and support. *See* SDCL 25-7-7.3;[1] *Kier v. Kier*, 454 N.W.2d 544 (S.D.1990); *Vellinga v. Vellinga*, 442 N.W.2d 472 (S.D.1989). We believe the trial court abused its discretion in this regard and reverse and remand with directions to amend its order to provide William with child support from February 12, 1990.

### III.

■ After William failed to make current the property settlement within the sixty day period ordered by the court, Donna was granted a judgment for the entire amount of the debt, payable immediately. Donna then moved the court to waive the thirty-day limitation in SDCL 15-6-62(a) on executing judgments. A hearing was held and the court found that Donna had demonstrated good cause to dispense with the thirty-day waiting period. William appeals.

Since the thirty-day limitation period expired shortly after the notice of appeal was filed in this case, this issue may be moot.[2] An appeal is moot when, before an appellate decision, "there has been a change of circumstances or the occurrence of an event by which the actual controversy ceases and it becomes impossible for the appellate court to grant effectual relief." *In re Silver King Mines*, 315 N.W.2d 689, 690 (S.D.1982) (*citing Rapid City Journal Co. v. Circuit Court of Seventh Judicial Circuit*, 283 N.W.2d 563, 565 (S.D.1979)). Applying this test, the issue is technically moot because the thirty-day limitation period has already passed.

■ However, we may review an issue which is technically moot if it meets the public interest exception. This exception may be invoked if and only if three criteria are established: (1) general public importance, (2) probable future recurrence, and (3) probable future mootness. *Stanley County School Dist. No. 57-1 v. Stanley County Educ. Ass'n.*, 310 N.W.2d 162, 164 (S.D.1981); *Anderson v. Kennedy*, 264 N.W.2d 714, 717 (S.D.1978).

■ We take judicial notice that the execution of judgments is a regular occurrence in this state and a matter of importance to the public. Given the significant number of judgments entered each year, waiver of

---

**1.** SDCL 25-7-7.3 provides:

Any past due support payments are not subject to modification by a court or administrative entity of this state, except those accruing in any period in which there is pending a petition for modification of the support obligation, but only from the date that notice of

hearing of the petition has been given to the obligee, the obligor, and any other parties having an interest in such matter.

**2.** Execution of the judgment was stayed by William's filing a supersedeas bond pursuant SDCL 15-26A-25, -26.

the thirty-day limitation is a probable future event—which again will be moot upon reaching this court on appeal. Thus, we reach the merits of William's appeal under the exception.

■ SDCL 15–6–62(a) provides:

Except ... as otherwise ordered by the court for good cause shown, ..., no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of thirty days after its entry[.]

We have held SDCL 15–6–62(a) requires the prevailing party to demonstrate exigent circumstances which justify immediate execution of the judgment. *Northwest South Dakota Production Credit Ass'n v. Dale,* 361 N.W.2d 275, 279 (S.D.1985); *In re Jones,* 89 S.D. 191, 196, 231 N.W.2d 844, 847 (1975). We do not believe the circumstances were sufficiently exigent here. It does not appear William was attempting to dissipate his assets so as to foil Donna's collection effort or that a thirty-day limitation on execution would seriously inhibit the judgment's effectiveness. *Cf. Jones, supra,* (judgment issued during tourist season). We hold the trial court abused its discretion in waiving the thirty-day limitation.

### IV.

■ Donna was awarded attorney's fees on two occasions. The first award ($350) arose from the April 1990 hearing that was precipitated by William's failure to make the agreed upon property settlement payment. The second award ($500) followed a subsequent hearing to compel William to satisfy the property settlement after the passage of the sixty-day grace period established at the April hearing.

William's appeal of these awards is without merit. Both of these proceedings resulted primarily from William's continued defiance of court orders, particularly the hearing following the end of William's sixty-day grace period. Each of Donna's requests for attorney's fees was supported by affidavit and specifically itemized, and the trial court was well aware of the assets of each party. Trial courts exercise broad discretion in awarding attorney's fees in divorce cases. SDCL 15–17–7; *Ryken v. Ryken,* 440 N.W.2d 300, 305–306 (S.D.1989). We find no abuse and affirm.

We affirm in part and reverse and remand for an amended order directing Donna to pay William child support from the date William noticed his motion for change of custody and support.

MILLER, C.J., and AMUNDSON, J., concur.

SABERS, J., concurs in part and concurs in result in part.

HENDERSON, J., concurs in part and dissents in part.

SABERS, Justice (concurring in part and concurring in result in part).

I concur except that:

I concur in result in Issue I to the effect that the court's order did not impermissibly modify the property division. However, I can't agree with the majority's statement that "Donna acquired a vested right to the property settlement adjustment at the time the parties' judgment of divorce was entered."

I also concur in result in Issue II A, but conclude that it would have better for the trial court to include both her "commissions" and his "bonuses."

HENDERSON, Justice (concurring in part; dissenting in part).

### CONCURRENCE IN PART

On Issues I, II(B), III and IV, I concur.

### DISSENTING IN PART

I dissent on Issue II(A). The trial court mixed apples and oranges on the ex-wife's commissions (in not considering them), holding that they were "offset" by health care for the children. In my opinion, *commissions of hers* and *bonuses of his* must be considered. This Court has addressed the "speculative" versus "consistent" overtime pay argument on many occasions. *Tesch v. Tesch,* 399 N.W.2d 880 (S.D.1987); *Fossum v. Fossum,* 374 N.W.2d 100

(S.D.1985); *Cole`v. Cole*, 384 N.W.2d 312 (S.D.1986). Although our case law indicates the displeasure with the practice of basing child support amounts upon anticipated salary increases, this Court has stated that "consistent" overtime pay may be included in the child support calculation. *Tesch, supra.* Simply because her company was going through reorganization, a court should not speculate that there would be *no* commissions. Rather, both her and his *overall* history of commissions and bonuses would be a more stable criteria. Concerning commissions, the trial court said: "I usually don't count it." This is tenuous rationale. *See, Hautala v. Hautala*, 417 N.W.2d 879 (S.D.1988) reflecting that there should be a *broad interpretation* of income.

Donna Sjomeling testified that her employer was reorganizing his business and it was doubtful whether she would be earning commissions after the reorganization. This testimony was obviously not a statement of fact and mere conjecture. As plaintiff in the trial court action, she carried the burden of proof. *Frank Stinson Chevrolet, Inc. v. Connelly*, 356 N.W.2d 480 (S.D.1984); 29 Am.Jur.2d, Evidence, § 127.

I would reverse and remand on this issue directing the trial court to use his and her overall history of commissions and bonuses as criteria for its decision.