CENTRAL LUMBER COMPANY, Respondent, v. DOUGH-ERTY et al. (MADSEN et al., Garnishee-Appellants.)

(181 N. W. 196.)

(File No. 4683.   Opinion filed February 8, 1921.)

**Garnishment—Garnishment After Judgment, No Execution Issued, Void Garnishee Summons—Statute Construed.**

Under Section 2454, Code 1919, providing in effect that

"Either at the time of the issuing of a summons, or at any time thereafter before final judgment, in any action to recover damages founded upon contract, express or implied, or upon judgment or decree, or at any time after the issuing in any case of an execution against property, and before the time when it is returnable," plaintiff may have garnishment summons issued, etc., **held**, that wherever garnishee summons is sought to be issued after judgment in the main suit, an execution must have issued prior to and as a condition precedent to issuance of garnishee summons; and where and in such instance such summons issued without previous issuance of execution, garnishee summons is void, and garnishee defendants' motion to dismiss same should have been granted.

Appeal from Circuit Court, Corson County.   HON. RAYMOND L. DILLMAN, Judge.

Action by the Central Lumber Company, a corporation, against Thomas F. Dougherty, defendant; Ray Madsen et al being garnishee defendants. After judgment entered against the main defendant, garnishee summons against the garnishee defendants was issued. From an order denying a motion to vacate and set aside the garnishment proceedings, garnishee defendants appealed. Reversed.

*Julius Skaug,* for Garnishee Defendants and Appellants.

*W. F. Corrigan,* for Respondent.

POLLEY, J. This is an appeal from an order denying a motion to vacate and set aside garnishment proceedings against the appellants as garnishee defendants in this action. Plaintiffs recovered a money · judgment against the principal defendant. Thereafter plaintiff caused garnishee summons to be issued and

served upon the appellants. Thereupon appellants procured an order to show cause why the said garnishment proceedings should not be dismissed on the ground that judgment had been entered, but that no execution was then in force.

The only question involved on the appeal is whether, in such case, an execution must be issued and be in force as a prerequisite to the issuance of a garnishee summons. The answer to the question depends upon the meaning of section 2454, Rev. Code. This section reads as follows:

"Either at the time of the issuing of a summons, or at any time thereafter before final judgment, in any action to recover damages founded upon contract, express or implied, or upon judgment or decree, or at any time after the issuing in any case of an execution against property and before the time when it is returnable. * * * "

This means that in an action for the recovery of damages founded either upon a contract express or implied, or upon a judgment or decree, a garnishee summons may be issued at the time of issuing the summons in the action or at any time thereafter before the entry of final judgment; or, if the garnishee summons is not issued before the entry of final judgment, then it cannot be issued until an execution has been issued and prior to the time when such execution is returnable. In other words, if the garnishee summons is not issued prior to the entry of judgment it cannot be issued thereafter unless an execution has been issued and is in force. In this case no execution was in force at the time of the issuance of the garnishee summons; therefore there was no authority for issuing such summons, and the defendant's motion to dismiss the same should have been granted.

The order appealed from is reversed.