ALBERTS, Appellants, v. BRUBAKER, et al, Respondents

(31 N. W.2d 769.)

(File No. 8958.   Opinion filed March 29, 1948.)

**W. H. Morgan,** of Britton, and **Van Slyke, Agor & Bantz,** of Aberdeen, for Appellant.

**L. R. Gustafson,** of Britton, for Respondents.

RUDOLPH, J.   On the 24th day of February, 1938, Mrs. Henry Brandt, Sr., obtained a judgment against the present plaintiff, H. F. Alberts, in the circuit court of Marshall County.   This present action was brought by H. F. Alberts to vacate and set aside the 1938 judgment.   The defendants are the heirs at law of Mrs. Henry Brandt, Sr., who died subsequent to the entry of the judgment in her favor and prior to the commencement of this present action.   The trial court refused to set aside the judgment and plaintiff has appealed.

It is sought to set aside the 1938 judgment on two grounds: First, fraud.   Second, a failure to serve the summons and complaint upon the defendant.   We will consider these two alleged grounds in the inverse order in which they are stated.

The sheriff's return of service in the 1938 action is as follows:

"I served the said summons Complaint upon the above named Defendant by leaving a copy of said summons Complaint at his dwelling house in the hands of Arthur Alberts, His Son who was, at the time of said service, a member of said Defendant's family, and over the age of fourteen years; and I further certify and return, that at the time of such service said Defendant was not at his said dwelling house or place of residence, and could not conveniently, be found."

The applicable statute at the time of this service was Section 2336(6), R .C. 1919, which, so far as here material, provides:

"The summons shall be served by delivering a copy thereof as follows: * * * if the defendant cannot conveniently be found, by leaving a copy thereof at his dwelling house in the presence of one or more of the members of his family, over the age of fourteen years, * * *."

It is contended by the plaintiff that the record discloses the service of process was invalid for two reasons: First, that the service was not made on the defendant "at his dwelling house" as required by the statute. Second, that the son, Arthur Alberts, was mentally incompetent at the time of the alleged service.

The sheriff testified and it is undisputed in this record that service was made upon Arthur Alberts on the farm premises of H. F. Alberts "Just inside of the house gate. * * * in the neighborhood of 25 to 40 feet to the house." It is our opinion that the statute does not require that the service be made in the dwelling house. Expressly the statute requires that the service be made "at his dwelling house" and service made "Just inside of the house gate 25 to 40 feet to the house" is, in our opinion, a compliance with the statute. 42 Am. Jur., Process, § 60; Bursow v. Doerr et al., 96 Neb. 219, 147 N. W. 474, Ann Cas. 1916C, 248.

The evidence is in conflict on the issue of the mental capacity of the son, Arthur, at the time of the service. Briefly stated the testimony of the plaintiff, members of his family and neighbors discloses that before August 18, 1937, the date of the service, Arthur talked and acted queerly, and generally evidenced mental incapacity. Arthur was committed to the Insane Hospital on April 14, 1939. In the statement of the physician in the insanity proceedings it appears that the duration of the attack before admission was 16 months, and that it was the first attack. Sixteen months prior to April 14, 1939, would be December 1937, or several months after the service of process in the action. Arthur was released from the hospital after his first commitment but was reccommitted in October 1941. On this second committment it again appears that the first attack occurred in December 1937. It further appears that in 1937 and 1938 Arthur was conducting ordinary business transactions, in that on September 27, 1937, and October 28, 1938, he entered into written agreements with the Northwestern Mutual Life Insurance Co. whereby he leased certain farm land in Marshall County. The sheriff testified that when he made the service upon Arthur "he acted just the same as anybody else

as far as I see." In view of this evidence, and the fact that much of plaintiff's evidence was indefinite as to the time Arthur's mental condition first was noticed, we are unable to hold that the record conclusively shows Arthur's mental incapacity at the time process was served.

On the issue of fraud the evidence all relates to certain alleged fraud in inducing the plaintiff to sign the note which was reduced to judgment in the prior action, and which judgment it is now sought to set aside. The rule supported by the overwhelming weight of authority and the rule in this state is that fraud as a ground for vacating a judgment must be what is known as extrinsic fraud, that is, fraud in the means whereby the judgment was procured, and not fraud in the cause of action or matter put in issue and presented for adjudication. 1 Freeman on Judgments, 5th Ed., 461, 462; 31 Am. Jur., Judgments, § 654; Reeves v. Reeves, 24 S. D. 435, 123 N. W. 869, 25 L. R. A., N. S., 574; Moore et al. v. Connecticut General Life Ins. Co., 71 S. D. 512, 26 N. W.2d 691. The reason for the rule is, as stated in the Reeves case, 24 S. D. 435, 123 N. W. 871, "that there must be an end of litigation; and when parties have once submitted a matter or have had the opportunity of submitting it, for investigation and determination, * * * it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy." There is no claim here that plaintiff was in any manner prevented from having a fair submission of the controversy by means of any fraud of the plaintiff in the prior action. The alleged fraud, as stated above, goes to the giving of the note upon which the judgment was based, and is neither extrinsic nor collateral to the issues before the court when the judgment was entered. There is no claim that service upon Arthur was made with the intention or purpose of keeping the plaintiff in ignorance of the proceedings, and any such thought is refuted by the finding of the court, based upon ample evidence, "That after service of said Summons and Complaint and before Judgment was taken, the said H. F.

Alberts went to the Attorney who brought the action, N. J. Jones, of Britton, South Dakota, and talked with him concerning receiving said Summons and Complaint."

The judgment appealed from is affirmed.

All the Judges concur.