HOLT, Respondent v. HOLT, Appellant

(176 N.W.2d 51)

(File No. 10606. Opinion filed March 24, 1970)

**Charles Poches, Jr.,** Fort Pierre, for defendant and appellant.

**Walter Mueller, Overpeck, Hamblin & Mueller,** Belle Fourche, for plaintiff and respondent.[1]

HOMEYER, Judge.

The parties to this cause were divorced by the circuit court of Butte County, South Dakota, on August 8, 1962, and the plaintiff-wife was awarded custody of a minor child. Temporary alimony and support for the child was allowed pending a property division to be made by the court at a later date.[2] On July 9, 1963, the court adjudicated a division of the property and settled property rights arising from the marriage. The judgment vested title to certain specific property in plaintiff and made her responsible for certain debts. As a part of the settlement the judgment also awarded the plaintiff the sum of $15,000

---

1. Counsel on appeal did not represent respondent in any of the proceedings at the trial level.
2. This practice was critized in Nelson v. Nelson, 82 S.D. 404, 147 N.W.2d 1. Its propriety is not questioned by either party on this appeal. However, we again urge its discontinuance.

in cash to be paid by the defendant in ten annual installments of $1,500 each beginning November 1, 1963, with interest at the rate of 5% per annum on unpaid balances payable semi-annually. Certain real estate in the name of the defendant was impressed with a lien to secure such payments.[3] It also vested or retained title to certain property in the defendant and required him to pay certain debts.

On October 12, 1967, a garnishment was served upon the First National Bank of Aberdeen, Mobridge branch, claiming there was due plaintiff on the judgment $18,124. The record shows the garnishment papers were served on the defendant in Tripp County, South Dakota, on October 13, 1967. Subsequently defendant moved to set aside the garnishment and the matter was heard and considered by the court. On May 24, 1968, the court entered an order directing the garnishee defendant to pay to plaintiff and her attorneys the sum of $18,711.92. On May 27, 1968, the attorneys for plaintiff acknowledged payment of this sum pursuant to the court's order and released the garnishment. Thereafter, defendant moved to set aside the order dated May 24, 1968, which motion was denied by an order made on July 2, 1968. The defendant has appealed from both orders.

On a confused and unsatisfactory record, we undertake a consideration of this appeal and a proper disposition thereof.

 It is well settled in this state that in a divorce action in making a suitable allowance for support or an equitable division of property, or both, the court may award the wife a lump sum in money, or may assign her specific property, or it may be in part a lump sum and in part specific property. SDCL 25-4-41, 25-4-44; Kressly v. Kressly, 77 S.D. 143, 87 N.W.2d 601; Warne v. Warne, 36 S.D. 573, 156 N.W. 60. Frequently in making the award courts do not specify which part is alimony and which part is a division of property, but the same factors are considered in determining what is proper and equitable in each

---

3. Defendant filed a Notice of Appeal from the judgment of July 9, 1963, pertaining to the property settlement and attorneys fees allowed. Upon his application, the appeal, Case No. 10111 in this court, was dismissed on May 25, 1964.

instance. Kressly v. Kressly, supra; Miller v. Miller, 83 S.D. 227, 157 N.W.2d 537.

■ ■ Allowances of alimony and support money for the wife and children of a marriage are subject to revision and amendment when conditions change. SDCL 25-4-41; Vert v. Vert, 3 S.D. 619, 54 N.W. 655; Shoop v. Shoop, 58 S.D. 593, 237 N.W. 904; Matthews v. Matthews, 71 S.D. 115, 22 N.W.2d 27. However, this rule does not apply insofar as property rights of the parties are concerned. In the absence of fraud or other reason which would apply to any judgment, a decree which divides or allots property, or provides for a payment of a gross sum in lieu thereof, is a final and conclusive adjudication and cannot be subsequently modified. Van Diepen v. Van Diepen, 73 S.D. 366, 43 N.W.2d 499; Esselstyn v. Casteel, 205 Or. 344, 286 P.2d 665, 288 P.2d 214, 215; Annot., 48 A.L.R.2d 302. We believe the same finality attaches when a gross or lump sum is allowed the wife as alimony. This seems to be the view adopted by most courts. 24 Am.Jur.2d § 668; 27A C.J.S. Divorce § 235, p. 1080; 27B C.J.S. Divorce § 251(3) p. 62. See Kerr v. Kerr, 74 S.D. 454, 54 N.W.2d 357. Because the court chooses to make it payable in installments over a fixed period usually for the benefit of the payor does not destroy its finality or alter the rule. As the court said in Ziegenbein v. Damme, 138 Neb. 320, 292 N.W. 921:

> "Obviously, the purpose of both the court and the parties, in providing for or in accepting a gross allowance of alimony, is to define and fix with finality the scope of the rights and the obligations of the parties. In this case, it was designed to set the limits of the wife's right to alimony, and we have no doubt that the husband would have cushioned himself on the doctrine of vested rights, if the wife had attempted to institute proceedings to increase the amount. Without discussing the matter further, it is our view that an unqualified allowance in gross, in a divorce decree, whether payable immediately in full or periodically in installments, and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final

adjustment of mutual rights and obligations as to be capable of a present vesting and to constitute an absolute judgment, and the court cannot subsequently modify the amount thereof".

Since the judgment providing for payment of a gross sum was a final judgment and not subject to modification we believe the plaintiff was entitled to proceed by garnishment to collect the sums due her under the judgment.[4] Garnishment is a statutory remedy, Woodbine Sav. Bank v. Yager, 61 S.D. 1, 245 N.W. 917, and the statute must be strictly followed.

SDCL 21-18-3 permits garnishment "At the time of issuing the summons or at any time thereafter before final judgment or after execution has been issued * * *". The record does not show that an execution had been issued when the garnishment was served and counsel concede no execution was ever issued to collect the amount due under the judgment. This court said in Central Lbr. Co. v. Dougherty, 43 S.D. 580, 181 N.W. 196, this statute means "if the **garnishee summons** is not issued prior to the entry of judgment, it cannot be issued thereafter unless an execution has been issued and is in force." Since there was a final judgment but no execution had been issued there was no authority for issuing a garnishee summons or to proceed by garnishment. Consequently, the purported garnishment proceeding was void ab initio.

Reversed.

All the Judges concur.

---

4. The court does not imply that the amount claimed in the garnishment proceedings, $18,124, was the amount due her at the time.