Geraldine B. MORRISON, Plaintiff
and Appellee,

v.

Billy MORRISON, Defendant
and Appellant.

No. 13631.

Supreme Court of South Dakota.

Considered on Briefs May 20, 1982.

Decided Sept. 1, 1982.

John J. Delaney of Amundson & Fuller, Lead, for plaintiff and appellee.

Raymond J. Voelker, Jr. of Voelker & Adams, Deadwood, for defendant and appellant.

PER CURIAM.

Billy Morrison (appellant) appeals from that portion of a judgment of divorce granting his former wife, Geraldine (appellee), possession and title to their home and its household furnishings as alimony.[1] We affirm.

The parties had been married thirteen years when the judgment of divorce was entered in October of 1981. The trial court ordered appellant to pay child support but imposed no obligation for periodic support payments to his wife or for future home

---

1. While the judgment or decree of divorce states that the home and furnishings are to be awarded to appellee *as alimony* such a one time award could only be construed as *lump sum* alimony in accordance with the court's findings on this issue.

mortgage payments. Appellant was awarded two vehicles, some tools, and his personal effects. At the time of the divorce, their two sons were nine years old and eleven years old. Both parties are able-bodied, young adults employed by Homestake Mining Company in Lead, South Dakota. They each earn approximately $21,000.00 annually. In January of 1979, they moved from Lead to a newly built country home appraised at $75,623.00. Their equity in the home is between $20,000.00 and $30,000.00, with monthly payments of $508.00.

In April of 1980, appellee became aware that appellant was having an affair with one of her female friends. Appellant subsequently left the home. Thereafter, appellee became mentally, emotionally, and physically upset and, as a result, lost thirty pounds. Appellee and the children underwent counseling at a mental health clinic.

During the pendency of the divorce, appellee lent appellant $1,200.00 of which he has repaid $120.00. Appellant also pocketed $900.00 of a $3,400.00 insurance settlement for injuries sustained by one of their sons. Appellant paid child support in the amount of $125.00 per month per child from August of 1980 until June of 1981, but failed to make any further payments. After appellant left the marital home, appellee sold numerous items of personal property to meet living expenses.

Appellant contends that the trial court made an inequitable support allowance by giving the home, its furnishings, and other property to his wife without awarding him an interest in the home.[2]

"[T]his reviewing court will not disturb an award of alimony or a division of property unless it clearly appears that the trial court abused its discretion in entering its judgment." *Guindon v. Guindon*, 256 N.W.2d 894, 897 (S.D.1977). In exercising this discretion and awarding an allowance for support or permanent alimony, the trial court is not limited to ordering periodic payments.

It is well settled in this state that in a divorce action in making a suitable allowance for support or an equitable division of property, or both, the court may award the wife a lump sum in money, or may assign her specific property, or it may be in part a lump sum and in part specific property. SDCL 25-4-41, 25-4-44; *Kressly v. Kressly*, 77 S.D. 143, 87 N.W.2d 601 [1958]; *Warne v. Warne*, 36 S.D. 573, 156 N.W. 60 [1916].

*Holt v. Holt*, 84 S.D. 671, 673, 176 N.W.2d 51, 53 (1970).

In awarding a support allowance, whether it be specific property, a lump sum of money, or periodic payments, the trial court must consider the following factors:

(1) the length of the marriage; (2) the parties respective earning capacity; (3) their respective financial condition after the property division; (4) their respective age, health and physical condition; (5) their station in life or social standing; and (6) the relative fault of the parties in the termination of the marriage.

*Guindon v. Guindon*, 256 N.W.2d at 898.[3]

In our judgment, the trial court did consider each of these factors. This mar-

---

**2.** Appellant also advances the argument that the same award was an inequitable division of property. This is based on the trial court's oral pronouncement that the home was being awarded "in lieu of an alimony claim which I [the court] believe exists." The trial court's written findings and conclusions, however, awarded the home "as lump sum alimony." *See generally, Kressly v. Kressly*, 77 S.D. 143, 87 N.W.2d 601 (1958); *Holt v. Holt*, 84 S.D. 671, 176 N.W.2d 51 (1970). The trial court's oral pronouncement did not fix the nature of the award as a property award. "Any expression of opinion or views by the trial judge extraneous to his decision in the manner and

form contemplated by law is of no binding force or effect as a matter of law either upon the trial judge himself or anyone else." *Western Building Co. v. J. C. Penney Co.*, 60 S.D. 630, 636–637, 245 N.W. 909, 911 (1932). For this reason, we discuss the trial court's award only as it was characterized in the findings and conclusions, i.e., as "lump sum alimony."

**3.** Because the trial court's award is a support allowance or permanent alimony, fault is a factor to be considered. *Hanks v. Hanks*, 296 N.W.2d 523 (S.D.1980). If the award had been a property award fault would not be a factor to

riage lasted thirteen years. Both parties earn approximately $21,000.00 annually and both are relatively young and healthy adults. In lieu of support payments, the trial court awarded appellee the marital home and furnishings. She is solely responsible for all future home mortgage payments. Appellant's sole financial responsibility to the family after the divorce consists of monthly child support payments. These facts, coupled with appellant's unreliability in repaying a loan from appellee and his failure to maintain child support payments, lead us to conclude that the trial court was justified in awarding appellee a substantial share of the assets to put her in a stable financial condition. *See Rock v. Rock*, 89 S.D. 583, 236 N.W.2d 191 (1975). Thus, we do not consider the parties' respective financial condition after the property division to be inequitable.

The parties in this case were industrious middle-class parents who had acquired a home in the country in which to live and raise their family. The only practical way for the trial court to maintain appellee and the two children in this lifestyle was to award the home to her. *See Kittelson v. Kittelson*, 272 N.W.2d 86 (S.D.1978). Finally, it is clear that fault was with appellant when he left his wife and children for another woman. Hence, we find the trial court did not abuse its discretion in awarding appellee the family home and furnishings and refusing to award appellant an interest in the home.

Appellee itemized and requested attorney fees in the amount of $588.50 to take this appeal. She is allowed attorney fees in that amount.

The judgment is affirmed.

consider. SDCL 25–4–45.1; see generally, footnote 2, supra.