**Barbara J. LIEN, n/k/a Barbara J. Porter, Plaintiff and Appellee,**

v.

**Bruce H. LIEN, Defendant and Appellant.**

**No. 15814.**

Supreme Court of South Dakota.

Argued Jan. 13, 1988.

Decided Feb. 24, 1988.

Edward C. Carpenter of Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, for plaintiff and appellee.

Franklin J. Wallahan of Wallahan & Watson, Rapid City, for defendant and appellant.

MILLER, Justice.

This is an appeal from an order denying a former husband's motion to terminate "alimony" on the basis of his former wife's remarriage. We affirm.

## FACTS

The original divorce proceeding was tried by the late Honorable Joseph H. Bottum, Circuit Judge (Judge Bottum). The facts of that case are extensively set forth in our prior opinion of *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979) (*Lien I*). Therein, we generally affirmed Judge Bottum's property award of approximately $1,096,333 to the former Mrs. Lien.

Appellant Bruce H. Lien (Bruce) filed a Motion to Terminate Alimony based upon his former wife's remarriage. The motion was submitted to Presiding Circuit Court Judge Marshall Young (Judge Young) principally on a stipulation of facts. Among the facts stipulated to were that appellee, Barbara Lien (Barbara), married William G. Porter (Porter) on February 19, 1984, and that the separate and/or collective income of Barbara and Porter is more than adequate to provide her a standard of living substantially equal to that which she had grown accustomed during her marriage to Bruce—without the payment to her of any support from Bruce. Barbara submitted additional evidence for Judge Young's consideration, including her affidavit and a request that judicial notice be taken of the entire court record, which request was granted over Bruce's objection.

Judge Young denied the motion to terminate "alimony," finding that "extraordinary circumstances" had been established by Barbara under *Marquardt v. Marquardt*, 396 N.W.2d 753 (S.D.1986), and that *Lien I, supra,* was dispositive. Judge Young specifically found that (1) it was clear from the court record that the amounts in dispute were part of a property division arrived at by Judge Bottum and

that the award was merely classified as support at Bruce's request, to enable him to obtain certain tax credits; (2) *Lien I* specifically recognized that part of the amount designated as property division was payable as support for the tax benefit of Bruce; and (3) pursuant to Bruce's request, the judgment and decree of divorce was amended, pursuant to a stipulation of the parties on February 25, 1981. The amendment specifically provided, in part, that the "allowance for support shall not be otherwise subject to termination or modification upon any grounds including, without limitation, [Barbara's] remarriage or any other change of circumstances."

Based upon the above findings, Judge Young held that Barbara's support provisions should not terminate due to her remarriage. It is from this judgment that defendant appeals.

## ISSUE I

WHETHER THE TRIAL COURT IMPROPERLY RELIED UPON ORAL PRONOUNCEMENTS AND MEMORANDUM OPINIONS OF THE ORIGINAL TRIAL JUDGE IN REACHING ITS DECISION.

Bruce claims that Judge Young improperly and prejudicially relied upon oral pronouncements and one of several conflicting memorandum opinions issued by Judge Bottum. Bruce claims that under existing statutory and case law, these considerations are improper if not incorporated into the formal decision by reference.

*One* of Judge Young's findings states:

That it is clear from the record that the amounts in dispute were part of the property division plan arrived at by Judge Bottum and were classified as support at [Bruce's] request in order that [he] could obtain certain tax credits[.]

The record, referred to by Judge Young in the above finding, consisted of (1) remarks made by Judge Bottum, which were made at a hearing held before him on

March 3, 1978,* and (2) one or more of the conflicting memorandum decisions authored by Judge Bottum before he adopted and entered formal findings of fact, conclusions of law, and the judgment.

■ Undoubtedly, oral pronouncements or written memoranda of a trial judge, which are extraneous to the formal findings and judgment, are of no binding force or effect. *Hitzel v. Clark*, 334 N.W.2d 37 (S.D.1983); *Morrison v. Morrison*, 323 N.W.2d 877 (S.D.1982); *Western Bldg. Co. v. J.C. Penney Co.*, 60 S.D. 630, 245 N.W. 909 (1932). However, the *trial court* is not precluded from *considering* any written memorandum decisions or oral pronouncements set forth in its own file. Clearly, Judge Young properly took judicial notice of the entire circuit court record for purposes of reaching a decision. *Gross v. Gross*, 355 N.W.2d 4 (S.D.1984); *Adam v. Adam*, 254 N.W.2d 123 (S.D.1977); *Muller v. Reagh*, 173 Cal.App.2d 1, 343 P.2d 135 (1959); *Roberts v. Roberts*, 201 Ga. 357, 39 S.E.2d 749 (1946); *see generally State v. Aspen*, 412 N.W.2d 881 (S.D.1987); *Alexander v. Solem*, 383 N.W.2d 486 (S.D. 1986). It was especially appropriate since he was not the original trial judge in this complicated action.

## ISSUE II

**WHETHER THE TRIAL COURT ERRONEOUSLY DETERMINED THAT THE PAYMENTS WERE NOT TERMINABLE UNDER MARQUARDT.**

Bruce claims that the "alimony" payments should be terminated due to (1) Bar-

bara's remarriage and (2) the stipulation stating that she has no need for the "alimony" since the remarriage. Barbara claims that the amount of the award in issue was, in fact, a part of a property division and such award was merely labeled as support (or alimony) at Bruce's request, solely for his tax benefit.

In *Marquardt*, we held that remarriage "establishes a prima facie case for termination of alimony payments" and imposes on the remarried ex-wife the burden of establishing that "extraordinary circumstances" exist which justify the continuation of alimony payments. However, it is also well-settled that a property division is not subject to modification. *See Holt v. Holt*, 84 S.D. 671, 176 N.W.2d 51 (1970). Additionally, we have recognized the concept of permanent alimony in lieu of property division. *Vaughn v. Vaughn*, 252 N.W.2d 910 (S.D.1977); *Holt, supra;* Annot., *Alimony—Effect of Remarriage*, 48 A.L.R.2d 270 (1956).

After reviewing *Lien I*, we find that *Marquardt* has no application here. In *Lien I*, we stated that tax consequences were proper considerations. In addition, we specifically stated:

The trial judge determined that Mrs. Lien *should receive approximately one-third of the family's net assets*, and that because she was inexperienced in business affairs and because he concluded that Mr. and Mrs. Lien couldn't reasonably be expected to get along as business

---

* At this hearing, Judge Bottum announced his final memorandum decision and made the following statements:

Judge Bottum: I found a long time ago that is the plaintiff's share to be divided out of the property acquired during the marriage which was $1,096,000.00 and I've come to the conclusion, and it will be my Order of Judgment that the Defendant shall pay this in the following manner: ... [page 504]

· · · · ·

Mr. Porter: If I understand the Court, it is the Court's intention to make the first nine years of these payments, however much that is, *property division* and *nontaxable.* (Emphasis added.)

The Court: If it is humanly possible, yes. It's approximately $876,000.00.

Mr. Porter: Nontaxable, and the balance—
The Court: To be taxable. *Word it any way you like to bring that about.* (Emphasis added.)

· · · · ·

Mr. Porter: The only question I had is that I, as I understand it, the $876,000.00 or whatever that figure is that the Court ordered would be tax free to the plaintiff and the balance, the 60 payments, would be taxable?

The Court: That is my understanding. Now, I haven't been able to talk to an accountant for the last two weeks, so I don't know, so I suggest you people do that.

Mr. Porter: If that is the Court's order, that is the way it will be in the judgment.

The Court: *I want this result. I don't care who words it, just so if possible I want that to be nontaxable....* [page 508] (Emphasis added.)

partners, she should receive her equitable share of the assets *in cash. Because of* the large amount of money involved which created *practical problems of cash availability and the tax consequences to Mr. Lien of acquiring this cash* either by liquidation of assets or out of his income, *the trial judge, after several hearings, devised the rather elaborate plan* previously set out in detail, involving large payments over a relatively short time, deferred payments over a longer time but short enough to make them nontaxable to Mrs. Lien, and support payments over about 13 years which would be deductible to Mr. Lien and taxable to Mrs. Lien. Interest on the deferred payments would also be deductible by Mr. Lien and taxable to Mrs. Lien.

*Lien,* 278 N.W.2d at 444 (emphasis added).

■ The above-quoted paragraph from *Lien I* is dispositive. Any other finding would be inconsistent with Judge Bottum's (and this court's) intent. Clearly, what was intended as a property division and part of an award of approximately one-third of the assets to Barbara was designated as support merely *at Bruce's request* for the purpose of providing him with a tax benefit and to alleviate the harshness of a total cash award of property.

■ Finally, Bruce argues that the stipulation stating that Barbara does not need the support demands that the payments be terminated. In *Lien I,* Bruce objected to any support award on appeal, claiming that it was unwarranted because she received a large sum of property in the division, citing *Guindon v. Guindon,* 256 N.W.2d 894 (S.D.1977). However, we chose to ignore *Guindon* because the Lien assets were so substantial that, basically, neither party needed the money. Moreover, we have now stated that what was deemed "support" was in reality a property division. Thus, whether or not Barbara needed "support," was irrelevant.

Affirmed.

WUEST, C.J., and MORGAN and SABERS, JJ., and GILBERTSON, Circuit Judge, concur.

GILBERTSON, Circuit Judge, sitting for HENDERSON, J., disqualified.