Neil CLARKE, SS# 504–34–4933,
Plaintiff and Appellee,

v.

Lynda R. CLARKE, SS# 504–32–5180,
Defendant and Appellant.

No. 15673.

Supreme Court of South Dakota.

Argued Feb. 18, 1988.

Decided May 25, 1988.

Ronald W. Banks and Wayne F. Gilbert of Banks, Johnson, Johnson Colbath & Huffman, Rapid City, for plaintiff and appellee.

Thomas W. Stanton of Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, for defendant and appellant.

DOBBERPUHL, Circuit Judge.

Lynda R. Clarke (Lynda) appeals a judgment of divorce and two final orders denying her motion for relief from the judgment pursuant to SDCL 15–6–60(b). We reverse and remand.

Lynda and Neil Clarke (Neil) were married on November 15, 1980. Although each party had adult children from prior marriages, no children were born throughout their marriage. At the time of the marriage, Neil had a net worth of approximately $1,308,000. At the time of the default divorce hearing, however, his net worth allegedly diminished to $336,000 due to ranching losses. Lynda was employed as a secretary at the time of the marriage, but

only sporadically worked outside of the home during the course of the marriage. The couple did much traveling and enjoyed a high standard of living.

Lynda was served with a summons and complaint for divorce on June 19, 1986. At this time, Lynda had knowledge of her husband's extra-marital affair, but she did not want a divorce. Lynda was experiencing alcohol-related problems before and throughout the pendency of the divorce action, and did attend an alcohol treatment program. Lynda did not respond to the legal service, nor did she seek legal counsel.

Neil and Lynda conversed many times throughout the divorce proceedings. Neil admitted that he knew of Lynda's alcohol abuse and that this problem continued during the divorce proceedings. Neil and his attorney urged Lynda to obtain counsel. Neil assured Lynda that she would be taken care of even if she took no action. At the hearing on Lynda's motion for relief from judgment Neil testified:

Q. Okay. Mr. Clarke, isn't it a fact that you told her that you would take care of her?

.  .  .  .  .

A. I don't know. I don't recall using those words. I may have indicated to her that she would not be out on the street in a snow bank.

Lynda relied on Neil's promises. Lynda was awarded five percent of the marital assets—$5,000 in cash, $7,500 toward an automobile, and $300 per month rehabilitative alimony for two years. On the insistence of family members, she finally sought counsel after she received the second amended decree of divorce. Lynda's counsel filed a motion seeking relief from judgment within five weeks after the decree was entered.

Lynda appeals from the trial judge's denial of her motion seeking relief from the default judgment. She claims that her emotional instability stemming from Neil's affair, Neil's reassurances to her concerning her welfare, and her alcohol problems all constitute excusable neglect. SDCL 15–6–60(b)(1). Lynda also appeals the trial court's denial of a second motion seeking relief from judgment on the grounds of fraud, misrepresentation, or other misconduct. SDCL 15–6–60(b)(3). Lynda asks this court to grant her relief from judgment and permission to enter an answer and counterclaim to the divorce action.

The purpose of SDCL 15–6–60(b) is "to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Peterson v. LaCroix,* 420 N.W.2d 18 (S.D.1988), *citing Rosebud Sioux Tribe v. A & P Steel, Inc.,* 733 F.2d 509, 515 (8th Cir.1984). This section provides that extraordinary relief may be granted only upon a showing of exceptional circumstances. *Haggar v. Olfert,* 387 N.W.2d 45 (S.D.1986). A motion for relief based on SDCL 15–6–60(b) is addressed to the sound discretion of the trial court and will not be disturbed on appeal except for abuse. *Matter of T.M.B.,* 416 N.W.2d 260 (S.D. 1987); *Overvaag v. City of Dell Rapids,* 319 N.W.2d 171 (S.D.1982). The trial court's discretion should be exercised liberally in accord with legal and equitable principles in order to promote the ends of justice. *City of Lemmon v. U.S. Fidelity & Guaranty,* 293 N.W.2d 433 (S.D.1980).

SDCL 15–6–60(b) authorizes relief from judgment based on mistake, inadvertence, excusable neglect, surprise and fraud; it is applicable to awards of support and property settlements incorporated in divorce decrees. *Wegner v. Wegner,* 391 N.W.2d 690 (S.D.1986); *Rogers v. Rogers,* 351 N.W.2d 129 (S.D.1984). "This court is more inclined to reverse for failure to set aside a judgment taken by default as in the absence of a litigant and his counsel than where such judgment has been set aside and trial on the merits granted." *Eby v. Misar,* 345 N.W.2d 381, 383 (S.D.1984), *citing Ingalls v. Arbeiter,* 72 S.D. 488, 491, 36 N.W.2d 669, 671 (1949).

A party seeking to have a judgment vacated under SDCL 15–6–60(b)(1) must meet two requirements. The applicant must show (1) the excusable neglect; and (2) a

probable meritorious defense. *Eby, supra; Pettigrew v. City of Sioux Falls,* 5 S.D. 646, 60 N.W. 27 (1894). As a procedural matter, the party seeking relief under 15–6–60(b) must meet the timeliness element of the statute. SDCL 15–6–60(b), in relevant part, states: "[t]he motion shall be made within a reasonable time, and for reasons [of subsections] (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

■ Lynda's motion was filed within five weeks after judgment, well within the one year limitation of 15–6–60(b). The motion was also filed within a reasonable time. *Rogers, supra,* allowed a motion to vacate judgment when it was filed within six months of the original judgment. The *Rogers* court, while not expressly holding that six months was reasonable, implicitly recognized its reasonableness when it allowed the judgment to be vacated under 15–6–60(b)(1). This court has also held that just under one month was a reasonable time to make a motion under SDCL 15–6–60(b)(6). Subsection (6) does not have the one year limitation that subsections (1), and (2), and (3) have. *Gross v. Kouf,* 349 N.W.2d 652 (S.D.1984). Therefore, a motion made within one year under SDCL 15–6–60(b)(1) which is based upon the compelling factors that exist in this case meets the timeliness element of the statute. Lynda needed at least this amount of time to retain counsel, confer with counsel, allow counsel time to review and evaluate the case, and permit counsel time to determine the appropriate course of action and file appropriate motions. The motion was more than timely made under these circumstances.

■ A party moving for relief from judgment must show excusable neglect. Excusable neglect must be neglect of a nature that would cause a reasonable, prudent person to act similarly under similar circumstances. *Eby, supra; Peterson, supra.* The term "excusable neglect" has no fixed meaning and is to be interpreted liberally to insure that cases are heard and tried on the merits. *Eby, supra.* Excusable neglect is illusive and difficult to define: "I could never succeed [in defining it intelligibly]. But I know it when I see it." *Jacobellis v. State of Ohio,* 378 U.S. 184, 197, 84 S.Ct. 1676, 1683, 12 L.Ed.2d 793, 804 (1964) (Steward, J., concurring, describing obscenity). We hold that Lynda has shown excusable neglect. Her emotional state of mind was caused by her husband's infidelity which he never denied; her drinking problems were further enhanced by the disarray of her marriage; and, Neil assured her that he would take care of her. These are all factors that cumulatively illustrate the exceptional circumstances constituting excusable neglect. It was not necessarily unreasonable for Lynda to act in such a manner after considering all the relevant circumstances.

■ Lynda must also show a meritorious defense to the action to successfully vacate a judgment. *Eby, supra; National Surety Corp. v. Shoemaker,* 86 S.D. 302, 195 N.W.2d 134 (1972); *Jones v. Johnson,* 54 S.D. 149, 222 N.W. 688 (1928). The party seeking relief must present facts either by answer or affidavit from which it could be inferred that upon a trial he would be entitled to a judgment more favorable to himself than the judgment from which he is seeking relief. *Peterson, supra; Eby, supra.*

■ Affidavits were submitted supporting Lynda's contention that she would receive a more favorable judgment if the judgment were reopened. Lynda also asserts by affidavit that Neil omitted certain property from the marital property, causing the trial court to be misled when it made the property division. This court holds that Lynda has proven that she would receive a more favorable outcome if the judgment is vacated.

CONCLUSION

■ Therefore, Lynda is entitled to relief under SDCL 15–6–60(b)(1). She has successfully shown timeliness, excusable neglect, and a meritorious defense. The trial court abused its discretion by denying her motion for relief from judgment. We need not address the issue of inequitable division of marital property because we

hold that Lynda's motion for relief from judgment should be granted.[1] On remand, the trial court is the better forum to reconsider the property division issue after Lynda files appropriate pleadings and the case is tried on the merits. The trial court's denial of relief from judgment is reversed and remanded.

WUEST, C.J., MORGAN and SABERS, JJ., and STEELE, Circuit Judge, concur.

DOBBERPUHL, Circuit Judge, sitting for HENDERSON, J., disqualified.

STEELE, Circuit Judge, sitting for MILLER, J., disqualified.

1. If this court had addressed the property division issue, it would be difficult to affirm the trial court's distribution of five percent of marital assets to Lynda after considering the *Goehry* factors: duration of marriage; ages of parties; state of health and earning capacity of the parties, value and income producing capacity of the property of each party; and the contributions of each party to the accumulation of the property. *Goehry v. Goehry,* 354 N.W.2d 192, 194 (S.D. 1984); *Krage v. Krage,* 329 N.W.2d 878, 879 (S.D.1983). Fault is also considered in alimony awards. *Hanks v. Hanks,* 296 N.W.2d 523 (S.D. 1980). These factors are considered in determining an equitable division even in default divorce proceedings.