Alan Keith ANDERSON, Plaintiff
and Appellee,

v.

Tina Louise SOMERS, Defendant
and Appellant.

No. 16656.

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1990.

Decided April 18, 1990.

Ronald E. Brodowicz, Rapid City, for plaintiff and appellee.

Wayne F. Gilbert of Banks, Johnson, Johnson, Colbath & Huffman, P.C., Rapid City, for defendant and appellant.

SABERS, Justice.

Tina Somers seeks to be relieved from an unsatisfactory property settlement incorporated into a divorce decree. She appeals the trial court's denial of relief. We affirm.

## FACTS

Tina and Alan Anderson were married in July 1980 while attending the South Dakota School of Mines and Technology. The parties married because Tina wanted to become a South Dakota resident and reduce her tuition at the School of Mines. Both Tina and Alan graduated with highest honors from the School of Mines in 1982.

After graduation, the couple moved to California to work. The parties separated in late 1982 due to Tina's extra-marital affair with another man. Alan commenced divorce proceedings in California at that time but the action was never finalized.

In January 1983, Alan returned to South Dakota to assist his father and brother in starting an electronics business called Anderson Scientific. Tina joined Alan in South Dakota in the summer of 1983 in an attempt to reconcile. The couple lived on Alan's income of approximately $42,000 per year as Tina worked only sporadically after rejoining Alan.

At Alan's urging, Tina filed for divorce in October 1984. She contends that Alan persuaded her to file by telling her that

they needed to divorce in order to protect their property from litigation that might result from a potential sale of Anderson Scientific. Tina could not go through with the divorce, however, and it was never finalized.

In 1985 Alan again approached Tina requesting a divorce. Tina contends that Alan repeated his assertions that a divorce was necessary to protect their financial security and to protect their property from litigation. Alan assured Tina that he would take care of the divorce and that she would not have to appear in court.

Alan filed for divorce in September 1985. The parties entered into a stipulation and property settlement agreement but decided not to finalize the divorce until 1986 for tax purposes. Between the filing of the divorce action and the granting of the divorce decree, Alan sold his stock in Anderson Scientific for $240,000. Alan contends that in order to take the sale of stock into account, the parties entered into an amended stipulation and property settlement agreement awarding relatively equivalent personal property to each of them, Tina the marital home and Alan the proceeds from the sale of the stock. Tina contends that the only reason she signed the stipulation was because Alan continued to assure her that the divorce was necessary to protect their property and that they would remain together after the divorce.

A hearing was held on the divorce complaint on January 3, 1986. No appearance was entered by or on behalf of Tina. Alan testified that he and Tina had grown apart, no longer enjoyed each other's presence and wanted to go their separate ways. It appears that the sale price of the stock was not disclosed to the trial judge to keep him from raising questions as to the disparity in the property settlement agreement. The trial court entered a divorce decree on January 3, 1986, incorporating the parties' amended stipulation and property settlement agreement.

The parties continued to live and travel together after their divorce. Tina sold the marital home in November 1986 for a profit of $32,162. The couple moved to California

and later vacationed in Australia. They returned to California in January 1987 and lived together until March when Alan abruptly left Tina.

Tina went through a period of depression after the parties' separation and began counseling in November 1987. Alan remarried in December 1987. On July 12, 1988, Tina filed a motion for an order to show cause seeking relief from the property division in the divorce decree. After the filing of affidavits and counter-affidavits, the trial court granted Alan's motion to quash the order. Tina appeals.

## ISSUE

WHETHER THE TRIAL COURT ERRED IN FINDING THAT TINA'S MOTION FOR RELIEF FROM THE DIVORCE DECREE WAS TIME BARRED UNDER SDCL 15–6–60(b)(3) OR WHETHER THE MOTION WAS UNTIMELY UNDER SDCL 15–6–60(b)(6)?

At the center of this appeal are the provisions of SDCL 15–6–60(b). The pertinent provisions are SDCL 15–6–60(b)(3) and (6) which state:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

\*  \*  \*  \*  \*  \*

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

\*  \*  \*  \*  \*  \*

(6) Any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.* (emphasis added).

Tina did not specify whether her motion for relief was brought under Rule 60(b)(3) or 60(b)(6). As support for her motion, Tina cited Alan's alleged assurances that they would remain together after the di-

vorce and that they were only divorcing to protect their property. She argued that Alan defrauded her by concealing his intention to separate and retain for himself the proceeds from the sale of the Anderson Scientific stock. The trial court concluded that these contentions sounded in fraud and quashed its order to show cause based upon the one year time limit applicable to bringing motions under Rule 60(b)(3). Tina now argues that the trial court erred in failing to consider Alan's fraud as a basis for relieving her from the judgment under Rule 60(b)(6) which is not governed by the one year time limit.

██ A divorce decree which divides or allots property or provides for payment of a gross sum in lieu thereof is a final and conclusive adjudication and cannot be subsequently modified. *Blare v. Blare*, 302 N.W.2d 787 (S.D.1981); *Holt v. Holt*, 84 S.D. 671, 176 N.W.2d 51 (1970). The only exception to this rule of finality is the presence of fraud or any other reason that would allow relief from a judgment. *Id.* Thus, "[i]n *Rogers v. Rogers*, 351 N.W.2d 129 (S.D.1984), we held that SDCL 15-6-60(b) authorizes relief from judgment based on mistake, inadvertence, excusable neglect, surprise and fraud, and is applicable to awards of support and property settlements incorporated in divorce decrees." *Wegner v. Wegner*, 391 N.W.2d 690, 693 (S.D.1986) (footnote omitted). Although fraud is explicitly made a reason for relieving a party from a judgment under Rule 60(b)(3), we have also considered fraud as a basis for granting relief from a divorce decree under Rule 60(b)(6). *See Wegner, supra; Blare, supra.*

██ As Tina asserts, motions brought under Rule 60(b)(6) are not governed by the one year time limit. SDCL 15-6-60(b); *Blare, supra.* Nevertheless, such motions must be made within a "reasonable time." SDCL 15-6-60(b); *Clarke v. Clarke*, 423 N.W.2d 818 (S.D.1988). In reviewing the reasonable time requirement in *Clarke*, we observed:

> Lynda's motion was filed within five weeks after judgment, well within the one year limitation of 15-6-60(b). The

motion was also filed within a reasonable time. *Rogers, supra,* allowed a motion to vacate judgment when it was filed within six months of the original judgment. The *Rogers* court, while not expressly holding that six months was reasonable, implicitly recognized its reasonableness when it allowed the judgment to be vacated under 15-6-60(b)(1). This court has also held that just under one month was a reasonable time to make a motion under SDCL 15-6-60(b)(6). Subsection (6) does not have the one year limitation that subsections (1), and (2), and (3) have. *Gross v. Kouf,* 349 N.W.2d 652 (S.D.1984). Therefore, a motion made within one year under SDCL 15-6-60(b)(1) which is based upon the compelling factors that exist in this case meets the timeliness element of the statute. Lynda needed at least this amount of time to retain counsel, confer with counsel, allow counsel time to review and evaluate the case, and permit counsel time to determine the appropriate course of action and file appropriate motions. The motion was more than timely made under these circumstances.

*Clarke*, 423 N.W.2d at 821.

██ In contrast with the five week delay in *Clarke*, Tina did not file her motion for relief until July 12, 1988, over two and one-half years after entry of judgment and well over a year after Alan actually left her. Although a portion of this delay could be attributable to Tina's depression after Alan's departure, she continued to delay for nearly nine months after beginning counseling to bring her motion. Her counselor's affidavit gives no indication that she was too debilitated during this time to be capable of taking appropriate legal action. Moreover, one of Alan's affidavits makes the uncontroverted assertion that Tina made certain property demands upon him after their separation. The fact that Tina had a sufficient mental state to make these property demands indicates that she had a sufficient mental state to consult an attorney and bring an appropriate motion for relief from judgment.

Based upon the foregoing observations, we find that Tina's motion for relief from judgment was untimely as not having been brought within a "reasonable time." Accordingly, the trial court correctly quashed its show cause order for hearing on the motion. That the trial court reached its conclusion for a different reason does not prevent this court from affirming based upon the correct reason. *Gilbert v. United Nat. Bank*, 436 N.W.2d 23 (S.D.1989); *Owens v. City of Beresford*, 87 S.D. 8, 201 N.W.2d 890 (1972).

Because we affirm on issue one, it is unnecessary to reach the second issue on appeal.

## ATTORNEY'S FEES

Alan has filed a motion for attorney's fees incurred in this appeal. His motion is accompanied by an itemized statement of costs incurred and legal services rendered as required by *Malcolm v. Malcolm*, 365 N.W.2d 863 (S.D.1985). Based upon our review of the appropriate factors as set forth in *Senger v. Senger*, 308 N.W.2d 395 (S.D.1981), we deny Alan's motion.

Affirmed.

MORGAN, and HENDERSON, JJ., concur.

WUEST, C.J., concurs specially.

MILLER, J., dissents.

WUEST, Chief Justice (special concurrence).

I concur. If a fraud was committed on the Court as Justice Miller's dissent suggests, Tina was a party and does not come into Court with clean hands. For that reason alone, I would deny her any relief.

MILLER, Justice (dissenting).

I respectfully dissent.

I would reverse the order granting the motion to quash (and the order awarding Alan attorney fees) and would remand for further proceedings. *A fraud was allegedly committed upon the court;* however, the trial court neglected or failed to consider that issue.

The majority correctly notes that "[i]t appears that the sale price of the stock was not disclosed to the trial judge to keep him from raising questions as to the disparity in the property settlement agreement." (This sales price was $240,000, not some trivial amount!)

That statement comes from unchallenged allegations in Tina's affidavits. She stated that if the information was disclosed to the court "the court would not then grant a divorce," and, further, that it was withheld from the court "in order to protect our financial future and security in the event the sale of his stock in Anderson Scientific would result in litigation." Alan's affidavits *never disputed* these allegations (other than to allege that he never concealed the sales price from Tina and that there was "absolutely no litigation relating to any attempted Anderson Scientific stock sale"). Therefore, Tina's assertions that they were intentionally concealing significant property values from the court must be presumed as true.

Tina's motion for order to show cause requested a hearing to "reopen the proceedings to allow the taking of further evidence on the question of a fair and equitable distribution of the marital property." Attached to the motion was an affidavit asserting, among other things, the foregoing reasons for the failure to disclose the stock values to the trial court at the time of the divorce. Alan brought on a motion to quash the order to show cause, principally asserting lack of jurisdiction because Tina's motion allegedly was not timely filed under SDCL 15–6–60(b). After receiving further affidavits and briefs, the trial court entered an order granting the motion to quash "because this Court finds that this action is governed by SDCL 15–6–60(b)(3) and this action has not been timely brought by the Defendant." It made no mention of and apparently gave no consideration to a claimed fraud upon the court.

It must be remembered that at the time of the divorce the court had the "full power to make an equitable division of the property" and "shall have regard for equity and

the circumstances of the parties." SDCL 25-4-44.* If Tina's allegations are true, the conduct of the parties specifically prevented the trial court from fulfilling its important judicial duties, particularly under SDCL 25-4-44. Arguably, it became "a victim of fraud rather than a dispenser of justice." *See* dissent of Justice Henderson in *State v. Bucholz*, 403 N.W.2d 400, 404 (S.D.1987).

I suggest, and would hold, that the trial court did not fully consider or give proper effect to SDCL 15-6-60(b). Specifically, it did not apply the last sentence of the rule.

It must be noted that under the clear language of SDCL 15-6-60(b), the time limitation stated earlier in that rule "does not limit the power of a court ... to set aside a judgment for fraud upon the court." This legal principle was previously stated and adopted by us in *Gifford v. Bowling*, 86 S.D. 615, 200 N.W.2d 379 (1972) (citing Barron and Holtzoff, Federal Practice and Procedure, § 1330). On remand, the trial court must then ascertain whether, in fact, there was a fraud committed upon it which would warrant setting aside the decree of divorce. In its review, it should remember that we heretofore in *Gifford, supra,* adopted language to the effect that fraud upon the court should:

> ' "..." ... [E]mbrace only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fraud *inter partes*, without more, should not be a fraud upon the court, but redress should be left to a motion under 60(b)(3) or to the independent action.'

86 S.D. at 625, 200 N.W.2d at 384 (emphasis in original) (citation omitted). Further, in *Gifford*, we adopted authority holding that '... " * * * it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Courts have found fraud upon the court only where there has been

the most egregious conduct involving a corruption of the judicial process itself.' (Citation omitted.)

We also held in *Gifford, supra,* 200 N.W.2d at 384 (citing *Alberts v. Brubaker,* 72 S.D. 220, 31 N.W.2d 769 (1948)), that " '... fraud as a ground for vacating a judgment must be what is known as extrinsic fraud, that is, fraud in the means whereby the judgment was procured, and not fraud in the cause of action or matter put in issue and presented for adjudication.' " *See also Baldwin v. Heinold Commodities Inc.,* 363 N.W.2d 191 (S.D.1985), and *Wooster v. Wooster,* 399 N.W.2d 330 (S.D.1987).

In summary, the order granting the motion to quash must be reversed (as should the order granting Alan's attorney fees) and the trial court must reconsider the merits to determine whether a fraud was perpetrated upon it and whether Tina's participation therein is such that she is estopped from benefitting from a further reconsideration.

Lastly, I would award Tina $1,500 to apply to her attorney fees on appeal.

* SDCL 25-4-44 was amended subsequent to the     divorce decree.