2001 SD 78

**Matthew G. CROTHERS, Plaintiff and Appellee,**

v.

**Linda S. CROTHERS, Defendant and Appellant.**

**No. 21453.**

Supreme Court of South Dakota.

Considered on Briefs on Jan. 8, 2001.

Decided June 20, 2001.

Richard L. Bode, Rapid City, SD, Attorney for plaintiff and appellee.

John H. Mairose, Rapid City, SD, Attorney for defendant and appellant.

PER CURIAM.

[¶ 1.] Linda S. Crothers appeals from an order vacating the modified judgment and decree of divorce entered by the court on February 19, 1999. We affirm.

### FACTS

[¶ 2.] Linda and Matthew were divorced on June 17, 1997 after sixteen years

of marriage. The judgment and decree of divorce incorporated the parties' stipulation, child custody and property settlement agreement.

Section 12 of this stipulation provided:

(12) *Retirement:*

Plaintiff shall keep his retirement funds with the United States Air Force, free and clear of any claim by Defendant.

Defendant shall keep her retirement account with Spiegel, free and clear of any claim by Plaintiff.

Section 14 of this stipulation provided:

(14) *Reasonableness of Agreement:*

Each party acknowledges that this Agreement has been entered into of his or her own volition, with full knowledge of the facts and full information as to the legal rights and liabilities of each. Both parties acknowledge that they have had legal counsel or the opportunity to consult legal counsel, and that each believes the foregoing Agreement to be reasonable under the circumstances.

Linda and Matthew initialed each page of the agreement and signed and dated its final page before a notary public.

[¶ 3.] On June 15, 1998, Linda filed a motion to set aside judgment pursuant to SDCL 15–6–60(b) seeking a one-half share of Matthew's military retirement. Linda alleged that at the time she signed the stipulation, she was unrepresented, emotionally distraught, and not informed that she was entitled to any portion of the military retirement.

[¶ 4.] This motion was served by mail upon Debra D. Watson, Matthew's attorney in the divorce proceedings. She advised Linda that she no longer represented Matthew and had no idea where he was living. On August 4, 1998 the motion was remitted to the Duval County Sheriff's office in Florida. The original return says it was served on Matthew on August 18, 1998.

[¶ 5.] On February 18, 1999, following two hearings where Matthew did not appear, the trial court entered a modified judgment and decree of divorce. Linda was granted 50 percent of Matthew's military retirement. The court found that her acquiescence to the original stipulation was the result of exceptional circumstances, including mistake, inadvertence and excusable neglect.

[¶ 6.] On August 11, 1999 Matthew filed a motion to set aside the modified judgment and decree of divorce. In his supporting affidavit he said that his first knowledge of the proceedings came after the modified judgment and decree of divorce was filed. While the court file reflected that he had been served, he never lived at the address on the original return and never received the motion and notice.

[¶ 7.] After hearing the testimony of Linda and Matthew, the trial court prepared a memorandum decision which was incorporated into the findings of fact and conclusions of law. It held that service of process was necessarily included within the one year time period of SDCL 15–6–60(b). It also held:

The facts indicate that the Defendant in this matter voluntarily signed the divorce agreement in question. Defendant is a high school graduate, with some college experience, and was suffering from no physical or emotional impediments at the time that she entered into this agreement, to-wit: she was under no medical care, and she missed no work. Essentially, the Defendant has realized that she did not get the better end of this bargain and, thus, wants the court to bail her out of this situation. The fact that she had no attorney is of no consequence. There was nothing preventing the Defendant from taking

action to protect her rights at the initial proceeding, and Defendant has not shown the requisite "exceptional circumstances" required for the court to give relief. Thus, Defendant's Motion to Modify the Initial Judgment and Decree is denied.

## ISSUE

[¶ 8.] **Did the trial court err in ruling that Linda failed to timely file and serve the motion to set aside judgment pursuant to SDCL 15–6–60(b)(1)?**

[¶ 9.] Pursuant to SDCL 15–6–60(b)(1) a court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect if the motion is made not more than one year after the judgment was entered.

[¶ 10.] In this case, the original judgment and decree of divorce was "entered" (filed) on June 17, 1997. Linda filed her motion to set aside judgment on June 15, 1998. On that same day, it was mailed to Matthew's attorney in the divorce proceeding who advised that she no longer represented him and had no idea where he lived. Two months later, and outside of SDCL 15–6–60(b)(1)'s one year limitation, the trial court found that Matthew was served. It acknowledged, however, that service was on Matthew's ex-girlfriend and "likely invalid" under SDCL 15–6–4(e):

> If the defendant cannot be found conveniently, service may be made by leaving a copy at his dwelling house in the presence of a member of his family over the age of fourteen years, or if the defendant resides in the family of another, with a member of such age of the family with which he resides.

[¶ 11.] Linda concedes that *Williams Services v. Sherman*, 492 N.W.2d 122, 127 (S.D.1992) answers the question of whether service under SDCL 15–6–60(b)(1) must be made within a year after judgment:

> A civil action in South Dakota is commenced when service is made upon the adverse party SDCL 15–6–3; 15–2–30; 15–2–31. SDCL 15–6–60(b) requires a motion to amend the judgment be made within a reasonable time, at most one year after the judgment. Such a motion is made—the action on that motion is commenced—when it is served upon the adverse party. SDCL 15–6–3.

In this case, the court found that the motion was served upon Matthew two months after the end of the one year period of SDCL 15–6–60(b)(1).

[¶ 12.] Under SDCL 15–6–5(b), in part,

> Whenever under this chapter service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court.

Linda contends that service of the motion on Matthew's attorney of record in the divorce proceeding which was within the one year period satisfies 15–6–60(b)(1). This attorney, however, immediately notified Linda that she no longer represented Matthew and did not know his whereabouts. Consequently, "[t]he presumption of law is that the attorney-client relationship ceases with the termination of the litigation for which the attorney was retained." *Finck v. Finck*, 354 N.W.2d 198, 201 (S.D.1984). Service on Matthew's former attorney was ineffective in this case.

[¶ 13.] The trial court correctly determined that service must be effectuated within the one year period of SDCL 15–6–60(b)(1) and that it had not been done in this case. Nevertheless trial court held a full hearing in this matter and disposed of the motion on its merits. Linda has little cause to complain on this issue.

ISSUE

**[¶ 14.]** **Did the trial court abuse its discretion in denying Linda's motion to reopen her divorce and property settlement to allow for a division of military retirement as marital property?[1]**

 **[¶ 15.]** SDCL 15-6-60(b)(1) authorizes relief from a final judgment based on mistake, inadvertence, surprise, or excusable neglect. Two requirements must be met: 1) exceptional circumstances constituting the excusable neglect (or the other statutory grounds); and 2) a probable meritorious defense. *Clarke v. Clarke*, 423 N.W.2d 818 (S.D.1988). In addition, the motion must be timely. The motion is addressed to the sound discretion of the trial court. *Id.* This Court is more inclined to reverse a judgment taken by default than one where the merits have been reached. *Id.*

**[¶ 16.]** In *Clarke*, wife was able to show excusable neglect: 1) her emotional state of mind was caused by her husband's infidelity which he did not deny; 2) her drinking enhanced the disarray of the marriage; and, 3) husband assured her that he would take care of her. *Clarke*, 423 N.W.2d at 821. These factors cumulatively illustrated exceptional circumstances constituting excusable neglect. *Id.* In addition, wife filed her motion within five weeks of entry of a *default* judgment.

 **[¶ 17.]** Linda relies on *Clarke* and contends that her divorce should have been vacated to divide military benefits because she was distraught, unrepresented, and lacked knowledge that she was entitled to any portion of the retirement.

**[¶ 18.]** The record, however, belies Linda's claim. While she testified that she was distraught over the divorce and wor-

ried about not receiving custody of the children, she did not consult a doctor, did not seek counseling, was not on any medication and missed no work. She did not obtain legal counsel claiming she had no money and yet she earned the same amount that Matthew did. She also claimed ignorance regarding military benefits. Linda, however, came from a military family and had been in the military herself. Throughout the majority of the marriage Matthew was career military and at the time of the divorce Linda knew he was receiving military retirement and disability. She admitted that she was not threatened or intimidated into signing the stipulation and admits that the timing of her motion is on the "far end" of being reasonable, although a one year limitation applies in her case. In addition, the judgment was entered pursuant to the parties' signed stipulation.

**[¶ 19.]** Linda's situation is far more analogous to that in *Klein v. Klein*, 500 N.W.2d 236, 240–241 (S.D.1993) where this Court said:

First, Cristen did not receive a "default" judgment against Kevin. The judgment was entered pursuant to the Stipulated Agreement signed by both parties. In *Jeffries v. Jeffries*, 434 N.W.2d 585, 588 (S.D.1989), we discussed a similar stipulated divorce agreement and stated that "[I]n the absence of fraud, free deliberate choices are not subject to relief under Rule 60(b)." *Id.* at 588. We went on to add: "We know of no law suggesting that because a husband is not represented by counsel, a property settlement signed by him is voidable." *Id.* at 589.

Second, Kevin made little, if any, showing of excusable neglect. What little

---

1. In this case the trial court did divide the retirement pay on Linda's motion. However, when Matthew objected because of lack of

notice the matter was heard and the trial court vacated its earlier modification of the judgment and decree of divorce.

evidence Kevin provided was controverted by testimony from Cristen and another witness. The trial court judged the credibility of the witnesses and concluded Kevin had failed to prove excusable neglect. SDCL 15–6–52(a). *Insurance Agents, Inc. v. Zimmerman*, 381 N.W.2d 218 (S.D.1986). The trial court's findings were not clearly erroneous and will not be set aside. Proceedings for Dep. in Court of Monies, 417 N.W.2d 187 (S.D.1987).

The same is true in Linda's case.

[¶ 20.] Linda failed to serve her motion in a timely matter. Her own testimony describing her situation at the time of the divorce does not show circumstances that rise to the exceptional level of excusable neglect.

[¶ 21.] Affirmed.

[¶ 22.] MILLER, Chief Justice, SABERS, AMUNDSON, KONENKAMP and GILBERTSON, Justices, participating.