WILBUR, Justice
(concurring in part and dissenting in part).
[¶ 29.] I agree that the plain language of the Agreement demonstrates that the parties did not intend that the award of alimony be a lump-sum award, payable in installments. However, I believe that the parties intended the alimony award to be part of the division of property, and therefore, the circuit court erred when it modified the award and terminated Vandyke’s continuing obligation to pay Choi. The majority opinion concludes otherwise, contending that no language in the Agreement indicates that Choi agreed to alimony in lieu of property and that “[n]o language whatsoever indicates any sort of compensatory rationale.” I disagree. The Agreement contains both language indicating that Choi agreed to alimony in lieu of property and language that the alimony award was compensatory in nature. ■
[¶ 30.] Prior to the divorce, Choi and Vandyke owned the marital residence together. Under the “Property Settlement” clause of the Agreement, Choi gave up her property interest in the residence in exchange for the payment of alimony as described in the “Alimony (Spousal Support)” clause. This means that under the Agreement (both the Alimony and Property Settlement clauses), Vandyke would receive the marital, home, and as compensation and in lieu of property, Choi would receive 19 payments of $1,500. The parties labeled the form of payment as alimony, but the label of the award is not dispositive. See Lien v. Lien, 420 N.W.2d 26, 28 (S.D. 1988).
[¶31.] Nonetheless, according to the majority opinion, the language requiring Choi to leave the'marital home and execute a quit claim deed once Vandyke commenced alimony payments shows that the parties intended the alimony award to provide support for the ex-spouse. On the contrary, the language supports that Vandyke agreed to pay Choi 19 payments of $1,500 in exchange for Choi giving up her interest in the marital residence. After the divorce, Choi owned no interest in the home and retained no right to reside there. But she did not give up her interest for nothing. Vandyke agreed to pay Choi 19 *569 payments of $1,500, and until he began making his payments, Choi could continue to reside in the marital home. Similarly, the fact Vandyke treated the payments as alimony for tax purposes shows, contrary to the conference opinion’s views that the parties merely labeled the award as alimony when it was intended that the.award be part of the property division. See Lien, 420 N.W.2d at 28 (an award labeled as spousal support to provide husband the tax benefit). Because the alimony award was in reality a property division, I would reverse the circuit court’s order terminating alimony. I would also award Choi her request for $5,060.03 in appellate attorney’s fees.